PIERCE, Chief Judge.
Appellant Dale Eugene Rockett appeals to this Court from a judgment of conviction consequent upon a jury verdict of guilty against him after trial of a charge of sale of marijuana.
No arguable issue, either of law or of fact, is made in this Court for reversal except that during the jury trial the presiding Judge injected himself too multiloquently and gratuitously on the side of the prosecution and against the defendant on trial as to unwarrantably deprive him of fair consideration of his guilt or innocence by the jury.
It is contended that his comments during the trial proceedings, his repeated interrogation of witnesses, his commentaries with regard to' testimony offered, as to credibility of witnesses, and as to tactics of defense counsel generally throughout the trial were so prejudicial to the defendant as to deprive him of a fair and impartial jury consideration of his guilt or innocence.
It is also contended that the extent to which the trial Judge interrogated or “examined” the witnesses enhanced immeasurably the weight given to their testimony before the jury and furnished the foundation, in the case of several witnesses, upon which the State’s case rested, without which the defendant could not have, or probably would not have, been convicted.
Appellant Rockett further claims here on appeal that, although trial counsel objected, the Court continued in its personal intrusion into the case during the trial proceedings and did not give adequate instructions to the jury not to draw an undue inference from his participation in the questioning of witnesses and otherwise in the trial proceedings.
*243 In the light of these lugubrious complaints we have meticulously examined the record of the trial proceedings exemplified to this Court in the transcript of record filed here. Regretfully, and without casting any aspersions upon the integrity of the eminent trial Judge, we feel impelled, upon full consideration of the trial proceedings, to reverse the judgment appealed here, and remand the case for a new trial before another jury.
It would subserve no good purpose to attempt to delineate here the numerous occasions wherein we find from the record the trial Court, by his comments, suggestions and innuendoes, insinuated against the defendant and/or his counsel during the trial and before the trial jury. Suffice to say that, from the record before us, we believe that the requirements of due process would be better promoted by remanding the case for a new trial and before another jury.
In the trial of a criminal case the Judge is the vortex of the whole judicial proceeding. His administration of even-handed justice during the taking of testimony is no less important than his exemplification of even-handed justice on the bench generally. As said by our Supreme Court in Williams v. State, Fla.1962, 143 So.2d 484:
“The judge must above all be neutral and his neutrality should be of the tough variety that will not bend or break under stress. He may ask questions to clarify the issues but he should not lean to the prosecution or defense lest it appear that his neutrality is departing from center. The judge’s neutrality should be such that even the defendant will feel that his trial was fair.”
In the transcript of record filed here we observe fifty separate statements, comments, suggestions, and innuendoes gratuitously offered by the trial Judge which, while possibly in isolated particularity were not of reversible quality, yet in their attribute of totality they could well have been the influencing factor in the jury’s verdict.
We do not feel it expedient here to cite the many Florida cases which exemplify this principle of trial jurisprudence.
The judgment appealed from is therefore reversed and the case remanded for a new trial.
So ordered.
HOBSON and McNULTY, JJ., concur.