334 So.2d 100 (1976)
Luckie STRADTMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-552.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied July 9, 1976.
Horton, Perse & Ginsberg, Weinsoff & Weinsoff, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant, defendant below, appeals his conviction and sentence for extortion, assault and battery, unnatural and lascivious acts, and contributing to the delinquency or dependency of a minor. Appellee was the prosecution below.
After appellee filed a four count information against appellant, charging him with the crimes set forth above, he invoked discovery pursuant to Rule 3.220, Florida Rules of Criminal Procedure, 33 F.S.A., and demanded that the following information and material within appellee's possession or control be disclosed to him:
"Any written or recorded statement and the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement."
The case came to trial on March 21, 1975, and at that time, during appellee's opening argument to the jury, appellant's counsel learned that there were oral admissions made by appellant. Appellant's counsel then objected to any reference to *101 the admissions because appellee had failed to comply with appellant's request for discovery. During the course of argument on appellant's objection, counsel for appellee stated that he had supplied "standard discovery" to appellant's counsel. This included a list of the witnesses involved in the case, however, he never told appellant's counsel about the defendant's admissions. Appellant's counsel, upon inquiry by the trial court, stated that he had taken the deposition of appellee's principal witness at the office of appellee's counsel and had examined the file, but no information about the oral admissions was ever given to him and he did not know about the admissions prior to the time of trial. The trial court then overruled appellant's objection to appellee's use or reference to the admissions, although it did permit appellant's counsel 10 to 20 minutes to talk to the officers who knew about the admissions. The trial judge at the time she overruled appellant's objection stated that she felt she was bound, by prior rulings of the appellate courts, to rule that way even though she didn't like it and didn't think that it was right. Thereafter, one of appellee's witnesses was allowed to testify about appellant's oral admissions.
Subsequently, during cross-examination of the victim by appellant's counsel, he tried to demonstrate why she would fabricate her testimony. Counsel attempted to ask the victim about the existence of a civil suit pending against appellant for his alleged conduct, however, all of these attempts were rejected by the trial court as being irrelevant, immaterial, and collateral to matters before the court.
The trial proceeded to its conclusion and the jury returned a verdict of guilty on all four counts and the trial court entered a judgment and sentenced appellant to fifteen years in the state prison. This appeal followed.
Appellant contends, among other things, as follows: (1) that the trial court committed reversible error in restricting his cross-examination of appellee's principal witness, i.e., the victim, about her pending civil suit against him, and (2) that the trial court committed reversible error in allowing into evidence, over his objections, statements and testimony about his oral admissions, because the state failed to furnish his counsel, after appropriate demand for discovery, the statements as required by the Florida Rules of Criminal Procedure.
In regard to appellant's first point on appeal, it is a well recognized rule that limiting the scope of cross-examination in a manner which keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony constitutes error, especially where the cross-examination is directed to the key prosecution witness. See Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1953); Coco v. State, Fla. 1953, 62 So.2d 892; Bryan v. State, 41 Fla. 463, 26 So. 1022; and see also Kirkland v. State, Fla.App. 1966, 185 So.2d 5. Pursuant to this rule and based on the record of this case, it is our opinion that the trial court erred in refusing to allow appellant to cross-examine the victim in regard to her pending lawsuit against him.
In regard to appellant's second point on appeal, we are also of the opinion that, based on the record in this case, the trial court erred in allowing into evidence statements and testimony about the admissions made by him. See State v. Coney, Fla. 1973, 294 So.2d 82; Adkins v. Smith, Fla. 1968, 205 So.2d 530; Cannon v. State, Fla. App. 1975, 317 So.2d 459; Taylor v. State, Fla.App. 1974, 292 So.2d 375; and Rule 3.220 Rules of Criminal Procedure, 33 F.S.A.
After a consideration of the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are reversed and the cause is remanded for a new trial.
Reversed and remanded.