341 So.2d 840 (1977)
Roy McDUFFIE, Appellant,
v.
STATE of Florida, Appellee.
No. 76-460.
District Court of Appeal of Florida, Second District.
January 26, 1977.
Jack O. Johnson, Public Defender, and Thomas A. Pobjecky, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was convicted of breaking and entering and grand larceny in violation of Sections 810.01 and 811.021, Florida Statutes (1973). On this appeal, he contends the court erred in restricting his cross-examination of the chief prosecution witness. We agree and reverse.
The State's case was based chiefly upon the testimony of one William Guthrie, who testified he saw the defendant leaving the victim's home and carrying away the victim's personal property.
On cross-examination, defense counsel was able to elicit that the defendant owed Guthrie some money, but was not able to further explore this issue. In particular, defense counsel was not allowed to inquire whether Guthrie had once threatened to "come up with something" to get the defendant put in jail unless the defendant paid off the debt. Counsel stated to the court, outside the presence of the jury, that he had reason to believe that Guthrie had made such a statement. The court ruled that such testimony would be improper as being beyond the scope of direct examination *841 and that defense counsel would have to establish these facts in his own case. This would, of course, affect the order of closing argument, and the defense did not choose to present any testimony.
Bias or prejudice of a witness has an important bearing on his credibility and evidence showing such bias is relevant. Webb v. State, 336 So.2d 416 (Fla.App.2d DCA 1976). It is proper to elicit facts tending to show bias or prejudice of a witness in cross-examination of that witness. Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927). This becomes an important right to a defendant in a criminal case where the jury must know of any improper motives of a prosecuting witness in determining that witness' credibility. See Roberts v. State, 164 So.2d 817 (Fla. 1964); Stewart v. State, 58 Fla. 97, 50 So. 642 (1909); Kirkland v. State, 185 So.2d 5 (Fla.App.2d DCA 1966); Stradtman v. State, 334 So.2d 100 (Fla.App.3d DCA 1976); Simmons v. Wainwright, 271 So.2d 464 (Fla.App. 1st DCA 1973). It is a fundamental principle that matters tending to show bias or prejudice in a criminal prosecution may be inquired about even when they were not mentioned in direct examination. Wallace v. State, 41 Fla. 547, 26 So. 713 (1899). Cf. Gard, Florida Evidence, P. 747 (1967); 81 Am.Jur.2d, Witnesses, Section 548.
Under the present circumstances, we do not find that the limitations on cross-examination were harmless. While the jury did learn that the defendant owed the witness some money, we think elaboration was essential, particularly in light of the alleged threat to send the defendant to jail. See Webb v. State, supra. Guthrie's testimony was not only uncorroborated, but was crucial to the State in obtaining a conviction. We are, therefore, compelled to reverse for a new trial. Webb v. State, supra; Stradtman v. State, supra; Roti v. State, 334 So.2d 146 (Fla.App.2d DCA 1976).[1]
Accordingly, the judgments and sentences are reversed and the cause is remanded for a new trial.
HOBSON, Acting C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] While the court stated it would allow the defendant to call Guthrie as his own witness to establish these matters, defendant in so doing would have been wrongfully deprived of the concluding closing argument, and this alone may constitute reversible error. See Lyttle v. State, 320 So.2d 424 (Fla.App.2d DCA 1975).