HENDRY, Judge.
Appellant/defendant appeals his conviction and sentence for robbery and unlawful possession of a firearm during a criminal offense.
While appellant has raised three points on appeal, the only meritorious contention is as follows:
“Whether the trial court erred in restricting defense counsel in his cross-examination of the State’s key witness, thereby depriving appellant of his sixth and fourteenth amendment rights under the United States Constitution in addition to his rights under article I, section 16, of the Florida Constitution.”
We hold that the court did so err, and reverse appellant’s conviction and sentence, and remand the cause for a new trial.
Sub judice, the state’s chief witness, the victim of the robbery, had to be both arrested and jailed in order to secure his attendance as a witness. Defense counsel’s efforts to cross-examine the witness concerning his reluctance to testify was denied by the trial judge.
The Florida courts have long held that for the purpose of discrediting a witness, a wide range of cross-examination is permitted in the area of the witness’ motives, interest, and/or animus, as they relate to the cause or the parties. Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930); Kirkland v. State, 185 So.2d 5 (Fla.2d DCA 1966). In disallowing inquiry into the area of the witness’ hesitancy to testify, it is our opinion that the trial judge abused his discretion and arguably deprived the jury of influential information. McDuffie v. State, 341 So.2d 840 (Fla.2d DCA 1977); Stradtman v. State, 334 So.2d 100 (Fla.3d DCA 1976).
Accordingly, appellant’s conviction and sentence are reversed and remanded for new trial.
Reversed and remanded.