444 So.2d 561 (1984)
Herschel N. POLLARD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-2610.
District Court of Appeal of Florida, Second District.
January 27, 1984.
*562 Peter D. Ringsmuth of Smith, Carta, Ringsmuth & Kluttz, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, JAMES B., Associate Judge.
Appellant was charged with lewd and lascivious assault upon a child. The victim testified that she went to appellant's house at his wife's request to babysit. Appellant was at the house. The victim testified that she massaged appellant's back, then defendant massaged her back, vaginal area, and breasts. Appellant's chief defense was that the victim fantasized the incident as an attention-grasping event. The trial court refused to allow cross-examination along these lines. The jury returned a verdict of guilty and appellant brings this appeal.
Appellant raises seven points on appeal. We will only consider four.
The first point raised is that the trial court denied appellant a fair trial by improperly limiting his jury voir dire. Appellant was not allowed to ask prospective jurors if they would be offended if he cross-examined the state's witness as to bias or possible fantasy. Appellant was also prevented from asking whether they would consider, in applying the reasonable doubt standard, the ability of a witness to recall events. In addition, appellant was not allowed to inquire into jurors' attitudes toward the life of a modern family. However, the prosecutor was allowed to question jurors regarding attitudes toward the credibility of children who do not immediately tell their parents about a particular incident in their life. The trial court continually interrupted appellant's voir dire without state objection, but never did so during the state's voir dire. The appellant contends that the trial court thwarted his ability to conduct the varied examination that was essential to select a fair and impartial jury. These cited instances and others throughout the record disclose that the trial judge interjected himself too far into the case with a result "... so prejudicial to the defendant as to deprive him of a fair and impartial jury consideration of his guilt or innocence." Rockett v. State, 262 So.2d 242, 243 (Fla. 2d DCA 1972).
The second issue raised is that the trial judge improperly limited appellant's cross-examination of the victim. Appellant's defense rested on the theory that the victim fabricated the story because she was neglected at home, received no attention, and had no cohesive family life. The trial court prohibited appellant's counsel from probing into the witness's background on the grounds that it was beyond the scope of direct examination. However, matters tending to show bias or prejudice in a criminal prosecution may be inquired about even when they are not mentioned in direct examination. McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977). This is particularly of consequence when the victim's testimony supplies all the essential elements of the offense.
Appellant next contends that the trial court erred by instructing a witness during her testimony that she might be committing perjury. The state had called appellant's wife, Stephanie Pollard, who, on cross-examination by appellant's counsel, testified that she had seen appellant at a skating rink at the time the victim alleged the assault occurred. On redirect examination, the prosecutor began to impeach Mrs. Pollard by use of a transcript of a tape recorded statement previously made to the prosecutor. In the transcript, she had stated she would have difficulty surviving if she did not get support from her husband, the appellant. However, at trial she stated she would not have difficulty if she did not get support. As the prosecutor attempted to impeach her by use of the prior statement, the court on its own motion, ordered the jury out of the courtroom. The court then told the witness:

*563 Mrs. Pollard, perjury is a criminal offense. The reason I took the jury out is I want to advise you now that the State Attorney has, at least he has advised the court, that he has a statement by you under oath  you are under oath today. It doesn't matter to me one way or the other what you testify to, but I think now it's incumbent upon me to tell you that, if, in fact, you have made two different statements under oath, and made them knowingly, you could be guilty of perjury. And I guess I should tell you you have the right to remain silent if you want to. I think it's time for me to tell you that that's what he is setting up, so keep that in mind.
After the jury returned to the courtroom, the witness changed her testimony, saying that she would have difficulty supporting herself.
In Reese v. State, 382 So.2d 141 (Fla. 4th DCA 1980), the court reversed the conviction of the defendant when the trial court, out of the presence of the jury, instructed a witness regarding perjury and as a result that witness immediately changed her testimony. The fourth district stated:
Unfortunately, as with any witness whose memory is suddenly refreshed when confronted with the prospect of jail, one cannot be certain which version of the facts is indeed the "truth."
The proper procedure to follow when a witness deviates from prior sworn testimony, to the surprise of the party calling such witness, is to declare such witness hostile and allow the party to cross-examine and impeach the witness. The trier of fact can then decide which version of the "truth" presented by the witness is to be believed, and the issue of perjury is left for a separate proceeding.
Id. at 144.
The other issues raised by appellant concern matters not objected to at trial. These issues, being the improper use by the prosecutor of a prior recorded statement, improper argument by the prosecutor, and the trial court's remarks during appellant's closing argument, though waived, do have a cumulative effect and the combined weight of these errors should be considered with others to determine whether substantial rights of the appellant have been affected. In Gibbs v. State, 193 So.2d 460 (Fla. 2d DCA 1967), the court said:
Objections were not made in the lower court, and the making of these comments was not such fundamental error of law as to constitute the sole cause of reversal. However, this error may be considered with other assignments of error in determining whether the substantial rights of the defendant have been injuriously affected.
Id. at 463. See also Rockett.
The judgment appealed from is REVERSED and the case REMANDED for a new trial.
RYDER, A.C.J., and CAMPBELL, J., concur.