469 So.2d 842 (1985)
Karen Sue YOLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-955.
District Court of Appeal of Florida, Second District.
May 3, 1985.
Rehearing Denied May 28, 1985.
Albert J. Krieger and Peter Raben of Albert J. Krieger, P.A., Miami, for appellant.
*843 Jim Smith, Atty. Gen., Tallahassee and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Karen Sue Yolman appeals her conviction and sentence for conspiracy to traffic in cannabis. Of her four points on appeal, only one merits our consideration: whether the trial judge erred in limiting her cross-examination of the state's key witness.
Appellant was tried with two alleged coconspirators, one of which was her husband. The key witness implicating appellant in the conspiracy was Ed Wall, a selfprofessed "professional confidential informant," who set up a so-called "reverse sting" which ultimately led to the arrest of appellant. At trial, the judge refused to allow appellant to cross-examine Wall about a telephone call Wall allegedly made to appellant's home after her arrest. Appellant proffered evidence that Wall, during the telephone conversation, suggested appellant employ a certain attorney so that nothing would happen to her, he promised to paint appellant "lily white" if she cooperated with him, and he suggested that they get rid of appellant's husband and go off together. The judge ruled that this evidence was not proper cross-examination because it exceeded the scope of the direct examination. The judge also ruled that appellant would have to call Wall as her own witness to elicit this testimony. Appellant chose not to do so because of its effect on the order of closing argument. As a result, Wall was not questioned about the telephone conversation.
Appellant argues that the cross-examination should have been allowed because it tended to show Wall's bias, prejudice or motive and was, therefore, proper, even though beyond the scope of the direct examination. Appellant also argues that forcing appellant to call Wall as her own witness would have wrongfully deprived her of the concluding closing argument. We agree and reverse.
It is well established that a defendant has the right to fully cross-examine an adverse witness to reveal any bias, prejudice or improper motive the witness may have had in testifying against the defendant. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Watts v. State, 450 So.2d 265 (Fla. 2d DCA 1984); Powe v. State, 413 So.2d 1272 (Fla. 1st DCA 1982); McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977). It is not necessary for matters tending to show bias or prejudice to have been within the scope of the direct examination to be proper cross-examination. Pollard v. State, 444 So.2d 561 (Fla. 2d DCA 1984); McDuffie. A full cross-examination is especially necessary when the witness sought to be examined is the key witness on whose credibility the state's case rests. Watts.
The trial judge erred in not allowing appellant to cross-examine Wall about the telephone conversation because the evidence may have shown Wall's bias, prejudice or improper motive for testifying against appellant. The state argues, however, citing Morgan v. State, 415 So.2d 6 (Fla. 1982), cert. denied, 459 U.S. 1055, 103 S.Ct. 473, 74 L.Ed.2d 621 (1982), that the error was harmless because another witness, appellant's husband, testified to the contents of the telephone conversation. In Morgan, the trial judge limited the cross-examination of a witness on the ground of relevancy regarding certain factual evidence. The supreme court ruled that the error was harmless because later the same witness testified about substantially the same facts. Morgan, unlike the case at bar, did not involve cross-examination directed toward the witness' bias. We hold that the harmful error in limiting appellant's right to cross-examine Wall concerning his bias or prejudice was not made harmless by the later testimony of appellant's husband, who was also a co-defendant, and who had little credibility with the jury.
The trial court offered to allow appellant to call Wall as her own witness to elicit the testimony. If appellant had done so, she would have been wrongfully deprived *844 of her concluding closing argument pursuant to Florida Rule of Criminal Procedure 3.250. This deprivation alone may have been reversible error. McDuffie; Lyttle v. State, 320 So.2d 424 (Fla. 2d DCA 1975), cert. dismissed, 336 So.2d 604 (Fla. 1976).
Accordingly, we reverse appellant's judgment and sentence and remand the cause for a new trial.
SCHEB and DANAHY, JJ., concur.