LEHAN, Judge.
Defendant appeals from the revocation of his probation based upon his violation of the probation condition that he live and remain at liberty without violating the law. The affidavit of probation violation alleged that defendant had been arrested and charged with attempted robbery. We affirm.
Defendant contends that there was error in the remarks of the trial judge to a witness for the state concerning perjury. The remarks were made after the state asked the court to declare the witness a hostile witness following his testimony to the effect that defendant was not involved in the attempted robbery. The state’s basis was that that testimony was contrary to a prior, sworn statement of the witness. The trial judge then cautioned the witness about committing perjury, asked if he was represented by counsel, ordered the witness taken into custody (the witness was on bond awaiting sentencing, and the trial court stated that his possible perjury made him a greater risk), advised the witness of his right to speak with his counsel, and recessed the proceedings for several days. Upon the recommencement of the proceedings, the witness gave testimony implicating defendant in the crime.
Defendant’s contention is that those remarks of the trial judge were erroneous and prejudicial in not following the requirements of Reese v. State, 382 So.2d 141 (Fla. 4th DCA 1980). See also Pollard v. State, 444 So.2d 561 (Fla. 2d DCA 1984). Those cases outline a procedure to be followed in situations similar to that which occurred here and in effect constitute an admonition against a trial judge threatening a witness with perjury. The rationale is that if a witness is threatened with perjury charges in light of a prior inconsistent statement, he might give the same testimony as that in his prior statement not because it is the truth but because of pressure from the threat of perjury charges.
Although we believe the trial judge in the case at hand should have followed the above-referenced procedure, we do not conclude that there was prejudicial error under the particular facts of this case. Here the “pressure” was substantially less than that in Reese. The trial judge did not threaten the witness with perjury charges. Although he did caution the witness about committing perjury, he specifically said that he was not taking the position that the witness either had or had not committed perjury, and he gave the witness the opportunity to confer with counsel in that regard. Also, the witness was given two days to consider the matter before the reconvened proceeding where the witness implicated defendant. Accordingly, we do not conclude that the minimal due process rights of probationer were violated in this case. Compare Midulla v. State, 410 So.2d 687 (Fla. 2d DCA 1982).
We find no merit in defendant’s remaining contentions on appeal. We find no violation of Fla.R.Crim.P. 3.220(a)(1) concerning discovery because the record *149 discloses no written demand to the state for discovery. We also find that there was sufficient evidence to sustain the trial court’s revocation of probation.
Affirmed.
GRIMES, A.C.J., and SCHEB, J., concur.