LEHAN, Judge.
Defendant appeals his convictions for burglary and robbery, contending that he was denied a fair trial by the trial court’s limitation of defense counsel’s closing argument and rebuke of defense counsel in the presence of the jury. We agree and reverse and remand for a new trial.
The crimes for which defendant was on trial occurred when the victim was sitting alone in the kitchen of a friend’s house. A man entered the house, approached from behind her, and hit her over the head with a flashlight, knocking her to the floor. The man then grabbed the victim’s purse and her friend’s purse and left the house. The only evidence linking defendant with this crime was the identification by the victim of him as the assailant, which was based on her view of the man after she had been knocked to the floor. No fingerprints were found at the scene, and defendant was never found in possession of any of the stolen property. Defendant presented an alibi defense, and three witnesses testified that at the time of the incident defendant was at his girlfriend’s house.
During defense closing argument, the state made six objections to various remarks by defense counsel. The trial court sustained those objections. A seventh objection resulted in a bench conference at which the trial judge instructed defense counsel to refrain from a particular line of argument to which the state had objected as implying that the state was creating oppression and violating the law in bringing defendant to trial. When defense counsel resumed his argument, he stated that he had not been suggesting that the assistant state attorney was involved in any wrongdoing. He then continued with his prior line of argument, to whjch the state again objected. At that point the trial judge in front of the jury admonished de *558 fense counsel as to “any further reference to improper conduct.”
That line of argument was at least arguably improper and subject to misinterpretation by the jury. If this had been the only incident complained of by defendant, we would probably affirm. We recognize that the trial court “has the responsibility to maintain decorum in keeping with the nature of the proceeding” and that “both the prosecutor and defense counsel must be kept within appropriate bounds,” as the state argues, citing United States v. Young, — U.S. -, -, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1, 9 (1985).
However, many of the first six objections made by the state during defense counsel’s closing argument appear to have been groundless. Without quoting the argument in detail, the portions to which the state objected basically pertained to defense counsel’s attempts to impeach the victim’s identification of defendant and his pointing out that defendant was never found in possession of the stolen property. These are proper areas of comment in closing argument. See, e.g., White v. State, 377 So.2d 1149 (Fla.1979); Pollard v. State, 444 So.2d 561 (Fla. 2d DCA 1984). They were significant subjects for the consideration of the jury in light of the legitimate argument on behalf of defendant that the victim’s identification of defendant was suspect.
“Wide latitude is permitted in arguing to a jury. [Citations omitted.] Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments.” Breedlove v. State, 413 So.2d 1, 8 (Fla.1982). In this case, defense counsel was allowed little latitude in his arguments. We conclude that substantial prejudice to the defendant resulted from the numerous, groundless objections by the state, which were sustained by the trial court, culminating in a rebuke to defense counsel in front of the jury. We cannot conclude that defendant’s right to a fair jury consideration of the foregoing defense argument was not significantly impaired.
Because of the nature of the state’s evidence against defendant, we cannot say that the proof of his guilt was so overwhelming as to render these errors harmless. We are not satisfied beyond a reasonable doubt that the error did not contribute to the conviction of defendant. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, the case must be reversed and remanded for a new trial.
SCHEB, A.C.J., and FRANK, J., concur.