GERSTEN, Judge.
Appellant, Daryl Clark, appeals his judgment and sentence of contempt for violating a permanent injunction. We reverse and remand.
The permanent injunction enjoined appellant from entering his wife and minor children’s residence. The injunction further enjoined him from threatening his wife.
Appellant asserts that the trial court erred in limiting the scope of appellant’s cross-examination of appellant’s wife, the crucial prosecution witness. The appellee, State, contends that the scope of the cross-examination was properly limited because appellant sought testimony regarding a collateral matter.
We conclude the trial court erred in preventing appellant from cross-examining this pivotal witness. The trial court refused to allow any cross-examination concerning an incident the wife, in her duly sworn affidavit, claimed had occurred on July 12, 1989. Appellant alleged that this July 12 incident had been fabricated by his wife. Thus, cross-examination of her was necessary to impeach her credibility regarding the contumacious action.
The rule is well-settled that “limiting the scope of cross-examination in a manner which keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony constitutes error, especially where the cross-examination is directed to the key prosecution witness.” Stradtman v. State, 334 So.2d 100, 101 (Fla. 3d DCA 1976), approved, 346 So.2d 67 (Fla.1977); accord daggers v. State, 536 So.2d 321 (Fla.2d DCA 1988); Williams v. State, 386 So.2d 25 (Fla.2d DCA 1980). We note that although this was a non-jury proceeding, this rule similarly applies to situations where the trial court sits as the finder of fact.
Moreover, “[wjhenever a witness takes the stand, he ipso facto places his credibility in issue.” Mendez v. State, 412 So.2d 965, 966 (Fla.2d DCA 1982); Baxter v. State, 294 So.2d 392 (Fla. 4th DCA), cert. denied, 303 So.2d 26 (Fla.1974), cert. denied, 420 U.S. 981, 95 S.Ct. 1412, 43 L.Ed.2d 664 (1975).
Accordingly, the judgment and sentence of contempt is reversed and remanded for a new trial.