ZEHMER, Judge.
Darryl Wayne Corley appeals a final judgment adjudicating him guilty of resisting an officer with violence and battery on a law enforcement officer, and sentencing him as a habitual violent felony offender to two consecutive ten-year terms of imprisonment. Corley raises three issues on this appeal. We reverse and remand for a new trial.
The state filed an information charging Corley with one count of resisting an officer with violence and one count of battery on a law enforcement officer. During cross-examination of the arresting officer, Officer Schwab, at trial, the defense counsel asked the following question:
Q: Officer, are you aware of the procedures and discipline that you would face if you used excessive force on an arres-tee in the future; Isn’t that correct?
The prosecutor objected to the relevancy of the question, and the trial judge sustained the objection. During a side-bar conference, the defense counsel argued that the question was proper because the officer had a motive to be untruthful if a truthful admission would subject him to civil or criminal discipline. The defense counsel also stated that he was entitled to “establish that the witness’ knowledge of these factors is contained in the witness’ mental processes,” and that he intended to introduce evidence that excessive force was used in the case, “although I do not believe it’s a necessary predicate to be asking these questions.” The prosecutor responded that in order for the defense to be permitted to ask the question, it was required first to show that there was some kind of complaint filed against the officer, that the officer needed to use excessive force, or that the officer was in jeopardy of some kind of discipline. Otherwise, the question was irrelevant. The trial judge then ruled that:
To lay the predicate you have to lay the predicate there was excessive force, or even an allegation of excessive force before you can show that. So far it is not relevant to anything that has come up yet.
The defense counsel then stated that he would like to reserve the right to recall the officer, and the judge granted the request.
The defense subsequently presented Cor-ley’s testimony, which included allegations that the officer used excessive force in arresting him. Then the defense rested. After conferring with Corley, the defense counsel stated that he would like to recall Officer Schwab. The trial judge found that the defense had “laid a predicate that is sufficient to get in the officer’s testimony about his knowledge regarding disciplinary actions and all that if you want to offer that.” The judge then allowed the defense to recall the officer, over the state’s objection that there should be a proffer and that it was prejudiced by the defense’s failure to give the state prior notice of the defense of excessive force. The defense then questioned the officer about his knowledge of disciplinary procedures that could be taken against him if he used excessive force in making an arrest. The officer testified that he was aware of a procedure and discipline that he would face if he used excessive force in making an arrest. The officer also testified that other than suspension by the police department, he was unaware of any other procedures and discipline that could be taken against him for the use of excessive force. The defense subsequently made a motion for a mistrial based on the judge’s limitation of defense cross-examination of the officer, arguing that as a result of the judge’s ruling, the defense was forced to make a strategic decision to call the officer as its own witness and, thereby, have only one closing argument instead of the right to open and have rebuttal during summation. After the trial judge denied the motion, the state was permitted to open the closing arguments and rebut the defense's argument. During its argument, the prosecutor stated:
Ladies and gentlemen, the defendant’s story in this case was so weak that he had to put on the officer who arrested him. He had to put him on the stand and try to make him testify about claims and lawsuits and things that don’t even exist. *434 That’s how weak his story is, ladies and gentlemen.
The jury verdict found Corley guilty as charged, and the circuit court entered judgment in accordance with the verdict and sentenced Corley as a habitual violent felony offender to two consecutive ten-year terms of imprisonment. In a separate written sentence in which the circuit court found that Corley was a habitual violent felony offender, the court also ordered that Corley “shall not be eligible for gain-time granted by the Department of Corrections.”
Corley first contends that the circuit court erred in limiting the defense counsel’s cross-examination of the key state witness, Officer Schwab. Corley argues that during cross-examination of the officer, the defense had an absolute right to elicit facts showing the officer’s bias, motive, or self interest, and that the defense was not required to lay any predicate prior to conducting this line of questioning. Corley also argues that the trial judge’s allowing the defense to recall the officer as its own witness to elicit the evidence did not remedy the error, because the defense was then forced to give up the important procedural right of opening and rebuttal during summation and because the officer’s testimony on recall was so far removed from his key testimony in the state’s case as to be ineffective.
It is widely recognized that a defendant has the right to fully cross-examine an adverse witness to reveal any bias, prejudice, or improper motive that the witness may have in testifying against the defendant. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Lewis v. State, 570 So.2d 412 (Fla. 1st DCA 1990); Yolman v. State, 469 So.2d 842 (Fla. 2d DCA 1985); McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977). This right “becomes an important right to a defendant in a criminal case where the jury must know of any improper motives of a prosecuting witness in determining that witness’ credibility.” McDuffie v. State, 341 So.2d at 841. The matters tending to show bias or prejudice that the defendant wishes to elicit on cross-examination do not have to be within scope of direct examination. Nor is the defendant required to lay any other predicate prior to eliciting the information on cross-examination. Yolman v. State, 469 So.2d at 843; McDuffie v. State, 341 So.2d at 841.
In this case, the circuit court improperly limited the scope of the defense attorney’s cross-examination by ruling that the defense was required to introduce evidence regarding the officer’s use of excessive force before it could question the officer regarding his awareness of any procedures or discipline he could face if he used excessive force on an arrestee. The defense counsel’s arguments clearly explained that the purpose of the question was to elicit evidence regarding the officer’s bias or motive to be untruthful in his testimony describing his encounter with appellant. We disagree with the state’s contention that since the trial judge eventually allowed the defense counsel to elicit the information from the officer on recall, the error was harmless under the circumstances, because forcing the defense to call the officer as its own witness, wrongfully deprived the defendant of the right to the concluding closing argument before the jury pursuant to Florida Rule of Criminal Procedure 3.250.
In a case involving similar facts, Yolman v. State, supra, a prosecution for conspiracy to traffic in cannabis, the trial court refused to allow the defense to cross-examine the key witness, a “professional confidential informant” who had implicated the defendant in the conspiracy, about a telephone call the informant made to the defendant’s home after her arrest. The defense proffered evidence that during the telephone conversation the informant suggested that the defendant employ a certain attorney so that nothing would happen to her, promised to paint the defendant “lily white” if she cooperated with him, and suggested that they get rid of the defendant’s husband and go off together. The trial judge ruled that the evidence was not proper cross-examination because it exceeded the scope of direct examination, and *435 ruled that the defendant would have to call the informant as her own witness to elicit the testimony. The defense chose not to do so because of its effect on the order of closing argument, and the informant was not questioned about the conversation. The second district reversed the defendant’s conviction and remanded the cause for a new trial, holding that the trial judge erred in not allowing the defendant to cross-examine the informant about the telephone conversation because the evidence may have shown the informant’s bias, prejudice or improper motive for testifying against the defendant. The second district also held that the error was harmful and was not made harmless by the later testimony of the defendant’s husband, who was also a codefendant, and v/ho had little credibility with the jury. The court observed that if, pursuant to the trial judge’s offer, the defendant had called the informant as her own witness to elicit the testimony, she would have been wrongfully deprived of her concluding closing argument pursuant to Florida Rule of Criminal Procedure 3.250, and this may have been reversible error. 469 So.2d at 843-44. See also McDuffie v. State, 341 So.2d at 841 n. 1 (“While the court stated that it would allow the defendant to call Guthrie [the chief prosecution witness] as his own witness to establish these matters, defendant in doing so would have been wrongfully deprived of the concluding closing argument, and this alone may constitute reversible error”). In this case, we find that the circuit court’s error in forcing Corley to make an election between foregoing the officer’s testimony and keeping the opening and concluding argument to the jury, or losing that right by recalling the officer as his own witness, was not harmless error because we cannot say beyond a reasonable doubt that the loss of this right did not affect the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Corley next contends that the circuit court erred by not providing for incentive gain-time in the written order imposing sentence as a habitual violent felony offender. That order stated in pertinent part:
2. Because this sentence is imposed under the provisions of Florida Statutes 775.084, as an Habitual Yiolent Felony Offender, the Defendant shall not be eligible for gain-time granted by the Department of Corrections.
Corley argues that section 775.084(4)(e), Florida Statutes (1989), provides that the Department of Corrections may grant an offender sentenced under that section up to 20 days of incentive gain-time each month as provided for in section 944.275. Because the written sentence could logically result in prejudice to him by requiring him to serve a substantially longer period of actual imprisonment, the sentences should be reversed and this cause remanded for resentencing.
Section 775.084(4)(e), Florida Statutes (1989), provides in pertinent part:
A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 9Af-275(m)-
(Emphasis added). Trial courts are without authority to prevent the award of incentive gain time pursuant to section 944.275 because that award is solely within the province of the Department of Corrections. See Causey v. State, 504 So.2d 34 (Fla. 1st DCA 1987); Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986). See also Shupe v. State, 516 So.2d 73 (Fla. 5th DCA 1987) (the trial court had no authority to order that gain-time shall not be ordered until restitution is paid). Because the language in the circuit court’s order, which states that Corley shall not be eligible for gain-time granted by the Department but omits the last phrase of section 775.084(4)(e) allowing the Department to grant incentive gain-time to offenders sentenced under section 775.084, can be construed as precluding the award of incentive gain-time, the sentence appears to be contrary to the requirements of section 775.084 and the cited cases.
*436 We find it unnecessary to address Cor-ley’s argument that the circuit court erred in imposing costs without providing him with adequate prior notice and an opportunity to be heard prior to the imposition. However, we note that in Beasley v. State, 580 So.2d 139 (Fla.1991), the supreme court recently held that a trial court is not required to determine a convicted criminal defendant’s ability to pay statutorily mandated costs prior to assessing costs unless the applicable statutes specifically require such a determination.
REVERSED AND REMANDED.
BARFIELD and WOLF, JJ., concur.