602 So.2d 550 (1992)
Wiley Frederick NELSON, Jr., a/k/a Wiley Fred Nelson, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01060.
District Court of Appeal of Florida, Second District.
January 24, 1992.
Rehearing Denied June 15, 1992.
*551 John F. Tierney III and Carey Haughwout of Tierney & Haughwout, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
In this appeal from a conviction for first-degree murder and conspiracy to commit murder, the appellant, Wiley Frederick Nelson, raises four issues. We agree with the appellant on one issue  that the trial judge improperly restricted his cross-examination of the only eyewitness to the events, the triggerman in this contract murder case. This issue is dispositive and requires a new trial. We will discuss that issue and we will also comment on another concerning the admissibility of certain coconspirator statements. We do not comment on the other issues because they are not likely to again occur at the new trial.[1]
The appellant and his friend, Mrs. Wilson, were charged with the murder-for-hire killing of Mrs. Wilson's estranged husband. At the time of the murder the Wilsons were engaged in a protracted and acrimonious divorce proceeding. Kenneth McKenzie was the triggerman allegedly hired by Mr. Nelson and Mrs. Wilson, and he admitted to doing the actual shooting. McKenzie was the only eyewitness to the shooting and, thus, was the state's star witness. McKenzie had been separately charged and had entered a plea of guilty in exchange for a life sentence and truthful testimony at the separate trials of Mr. Nelson and Mrs. Wilson.
During the state's case McKenzie testified that he shot and killed Mr. Wilson while Mr. Wilson was seated in his own parked car. When the police investigated the scene, they found marijuana in the Wilson car. When McKenzie was arrested the following day in Georgia, he had cocaine in his possession. During cross-examination of McKenzie defense counsel attempted to ask him several questions about prior drug dealings as a means to support himself and specifically about prior drug dealings with Mr. Wilson. Upon an objection by McKenzie's counsel,[2] defense counsel explained to the court that he was attempting to establish that, because of drug dealings between McKenzie and Mr. Wilson, McKenzie had his own separate and wholly distinct motive to kill Mr. Wilson. The defense wanted to show that McKenzie's personal motive to kill Mr. Wilson cast a reasonable doubt upon McKenzie's credibility when McKenzie claimed that the only reason he did the shooting was that Mr. Nelson hired him for *552 that purpose. After argument at side bar, the court ruled that defense counsel could not inquire as to drug dealings in general, but could inquire as to particular instances of drug dealing with Mr. Wilson.
This ruling correctly recognized that defense counsel could properly seek to establish a motive on McKenzie's part which would exonerate the appellant or, at least, to provide a reasonable doubt as to McKenzie's credibility and claim that the appellant was as guilty as McKenzie was. Marr v. State, 494 So.2d 1139 (Fla. 1986); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Yolman v. State, 469 So.2d 842 (Fla. 2d DCA 1985); Watts v. State, 450 So.2d 265 (Fla. 2d DCA 1984); Kelly v. State, 425 So.2d 81 (Fla. 2d DCA 1982), petition for review denied, 434 So.2d 889 (Fla. 1983). Although this matter had not been touched upon during the direct examination of McKenzie, beyond the stock question from the prosecutor whether McKenzie had been previously convicted of a felony, it is not necessary that matters tending to show bias, prejudice, or improper motive be within the scope of direct for such questioning to be proper cross-examination. Yolman; Pollard v. State, 444 So.2d 561 (Fla. 2d DCA 1984); McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977).
When defense counsel's cross-examination continued after the court correctly ruled to limit the cross-examination as it did, defense counsel asked McKenzie: "Have you ever had any drug dealings with [Mr.] Wilson?" The objection to this question by McKenzie's counsel was, inexplicably, sustained; inexplicably because the court had just ruled that the defense could inquire about past drug dealings between McKenzie and Mr. Wilson. When the court at this point sustained the objection, it prevented the appellant from attempting to impeach McKenzie. We find, pursuant to section 90.608, Florida Statutes (1989), and the authorities cited above, that this was error. Under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), we cannot conclude that the error did not affect the verdict. This is so because McKenzie was the state's key witness against the appellant, the only person who could testify to the appellant's actions in allegedly arranging the murder, and the only one who could put the appellant at the scene of the shooting.[3] Defense counsel was denied the opportunity to fully examine this crucial state witness in an effort to impeach the witness before the jury. The defense was entitled to try to show that, based on prior drug dealings between McKenzie and the victim, McKenzie was biased or otherwise improperly motivated in his testimony. Because of this error the appellant was denied a fair trial.
The other trial error the appellant raises is capable of repetition on remand also. This concerns the admission of certain hearsay statements of Mrs. Wilson, the appellant's alleged coconspirator, statements of arguably questionable value in tending to show the existence of a conspiracy to commit murder. The trial transcript shows that neither side was fault-free on this issue. In adducing testimony under section 90.803(18)(e), Florida Statutes (1989), the coconspirator hearsay exception, the prosecution wields a two-edged sword and must take care to fully comply with the requirements of the statute. Any statement of an alleged coconspirator which the prosecution seeks to admit must have been made during the course and in furtherance of the conspiracy as that time period is defined in the charging document. Furthermore, the rule covers the admissibility of statements, not actions, unless the action is intended by the actor as an assertion. § 90.801(1)(a)(2), Fla. Stat. (1989). The prosecutor must also introduce independent evidence to support the existence of the conspiracy and each member's participation therein before the hearsay is deemed admissible. The prosecutor who claims that he or she will tie up the loose ends of the various pieces of independent evidence at a later point in the trial, an acceptable practice under State v. Morales, *553 460 So.2d 410 (Fla. 2d DCA 1984), risks a mistrial if the court determines that independent evidence is lacking and a curative instruction ineffectual. Defense counsel must also be vigilant and insist that the state carry its burden to provide the necessary independent evidence by objecting at the proper time. Otherwise, the state's failure in this regard will be deemed to have been waived by the defendant. These considerations were not all faithfully followed at trial. We comment here since both parties will have the opportunity on remand to avoid similar mistakes.
We reverse the appellant's convictions and remand for a new trial.
PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] These other issues are the membership status of the appellant's attorney with the Florida Bar and whether the appellant should have been granted a court-appointed attorney instead of the public defender.
[2] The trial judge had appointed private counsel for McKenzie because of problems which had arisen earlier in his testimony when he refused to testify claiming that the state had not kept its part of the plea bargain with him. Because McKenzie's refusal to testify put his plea bargain in jeopardy, the judge was taking care that McKenzie's rights were adequately protected and he was given proper legal advice regarding his testimony.
[3] Another witness testified that he saw McKenzie get into the getaway car which contained another person, although this witness could not identify the other person in the car. McKenzie claimed that the appellant was with him in the car the night he shot the victim.