KAHN, Judge.
Appellant Freddie Miller was convicted on the charge of possession of a firearm by a convicted felon. We reverse because the trial judge improperly limited appellant’s cross examination of his wife. We do not reach the other issues raised by appellant.
In December, 1996, appellant’s wife called the 911 operator at the Jacksonville Sheriffs Office. In the tape recording of this call, introduced at trial, Mrs. Miller stated that appellant was “going to kill us” and that he had a gun, “I think it’s a .357.” Appellant was subsequently arrested at his residence and a .357 magnum pistol was located by the arresting officers. At trial, Mrs. Miller was called by the State as a witness, but was extremely equivocal in her testimony, claiming not to remember many of the details of the incident. Prior to her testimony, however, the 911 tape had been admitted into evidence.
*1083 On cross-examination of Mrs. Miller, counsel attempted to elicit from her that on the night of the incident she found condoms and a woman’s phone number in appellant’s wallet. The trial court sustained an objection that the testimony was beyond the scope of direct-examination. The defense explained that' this evidence was offered to establish motive or bias for Mrs. Miller having fabricated the entire incident. Defense counsel stated that the jury had heard the 911 tape, and the cross-examination questioning would explain why Mrs. Miller might want to cause trouble for appellant.
A defendant has the right to fully cross-examine an adverse witness to reveal any bias, prejudice, or improper motive that the witness may have in testifying against the defendant. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In the present ease, the police never saw appellant in possession of the firearm. Accordingly, Mrs. Miller’s statement on the 911 tape that appellant had a .357 pistol was very important to the prosecution. The defendant had a right to bring out any improper motives that Mrs. Miller may have had when she stated that her husband had a weapon. See McDuffie v. State, 341 So.2d 840, 841 (Fla. 2d DCA 1977).
The trial court erred by limiting the cross examination, even though the court stated that appellant could call Mrs. Miller during his ease. “The matters tending to show bias or prejudice that the defendant wishes to elicit on cross examination do not have to be within (the) scope of direct examination. Nor is the defendant required to lay any other predicate prior to eliciting the information on cross-examination.” Corley v. State, 586 So.2d 432, 434 (Fla. 1st DCA 1991); see also Yolman v. State, 469 So.2d 842 (Fla. 2d DCA 1985).
REVERSED and REMANDED for a new trial.
BARFIELD, C.J., and JOANOS, J., concur.