SHEPHERD, J.
J.S. appeals from an adjudication of guilt by the trial judge of battery pursuant to section 784.03(l)(a)l, Florida Statutes (2007), arising out of a scuffle between J.S. and a fellow student, R.O., on a school bus. At trial, there was conflicting testimony concerning who initiated the altercation. The only witness, other than Appellant and R.O., was another student named B.B. When B.B. was called to the witness stand, B.B. stated J.S. punched R.O. first. Surprised by the testimony, defense counsel, who had interviewed B.B. outside the courtroom a few minutes earlier, asked the following:
Q [B.B.], do you remember you’re under oath?
A Yes.
Q Do you remember talking to me outside about ten minutes ago?
A Yes.
Q You remember telling me that [R.O.] threw the first punch?
You’re under oath. You have to tell the truth.
Do you remember saying, outside, ten minutes ago, that [R.O.] threw the first punch, yes or no?
A Yes.
Q Did you say yes?
A (Non-verbal response.)
Q [R.O.] threw the first punch?
A No. I can’t—
[The State]: Objection. I believe this is improper impeachment—
[Court]: It is improper impeachment. You can’t testify.
[Defense]: —it’s through the hallway interviews.
[Court]: You can’t do that. Sustained.
[The State]: Move to strike.
[Court]: The question is about the conversations in the hall, and the Third District has said those do not — because if you put yourself as a witness, you are the attorney on the case, when you start saying what was said out there.
[The State]: Your Honor, I’d move to strike the question, and any answer. I don’t think there was an answer.
[Court]: I will agree.
[Defense]: There was.
[The State]: There was. And her answer.
[Court]: I will grant the motion.
The trial court was incorrect in concluding this was improper impeachment because defense counsel was putting herself forward as a possible witness. See Smith v. State, 414 So.2d 7, 7 (Fla. 3d DCA 1982); Kimble v. State, 537 So.2d 1094, 1096 (Fla. 2d DCA 1989). Whether there is a conflict is a separate question and only arises if the witness contradicts what he or she said to defense counsel. See Williams v. State, 472 So.2d 1350, 1352 (Fla. 2d DCA 1985).
Because the testimony of J.S. and R.O. was directly contradictory concerning who initiated the fight, the trial court erred in excluding B.B.’s testimony, which error we cannot conclude was harmless beyond a reasonable doubt. See Clark v. State, 567 So.2d 1070, 1071 (Fla. 3d DCA 1990) (“Limiting the scope of cross-examination *545 in a manner which keeps from the jury-relevant and important facts bearing on the trustworthiness of crucial testimony constitutes error, especially where the cross-examination is directed to the key prosecution witness.” (quoting Stradtman v. State, 334 So.2d 100, 101 (Fla. 3d DCA 1976))).
Accordingly, we reverse and remand this case for a new trial.