COMMONWEALTH *vs.* DUANE A. THORPE. January 6, 1982. The defendant appeals from his conviction of a violation of G. L. c. 90, § 26, and claims that the judge erred in denying his motion to dismiss the complaint. The motion to dismiss was based on a contention that the language in G. L. c. 90, § 26 (as amended through St. 1965, c. 664), that "[t]he registrar may revoke or suspend the license of any person violating

any provision of this section" is "punishment," thereby rendering inapplicable G. L. c. 90, § 20 (as appearing in St. 1975, c. 494, § 12), which provides, in part, "[a] person convicted of a violation of any provision of this chapter the punishment for which is not otherwise provided . . . shall be punished by a fine of not more than twenty-five dollars." The suspension or revocation of a license is not "punishment" for the purposes of G. L. c. 90, § 20, because such suspension or revocation is considered an administrative sanction and not a criminal penalty. *Boyle* v. *Registrar of Motor Vehicles*, 368 Mass. 141, 142-143 (1975). See also *State* v. *Cowen*, 231 Iowa 1117, 1119-1123 (1942). Because G. L. c. 90, § 26, is a criminal statute, the District Court has jurisdiction under G. L. c. 218, § 26, to hear such violation.

*Judgment affirmed.*

*Brendan Leonard Hoyt, Jr.*, for the defendant.
*Robert M. Raciti*, Assistant District Attorney, for the Commonwealth.