Per Curiam.
This is a civil motor vehicle infraction appeal pursuant to G.L.C.90C, §3(a), paragraph 7. At issue is the trial court’s finding of “responsible” entered against the defendant on a charge of failing to file a motor vehicle accident report as required by G.L. c.90, §26.
This case arose from a June 25,1986 incident in Belmont, Massachusetts in which a motor vehicle allegedly operated by the defendant, George Sasu, struck and killed a pedestrian, Joseph Scarpato. Criminal complaints against the defendant for vehicular homicide, G.L. c.90, §24G and for violation of Massachusetts Road Law, G.L. c.89, §11[1] were sought by the Belmont Police Department on August 11, 1986.
Thereafter, on August 18,1986, the Belmont Police Department notified the defendant by letter that he had failed to file a G.L. c.90, § 26 report of the June 25, 1986 accident, and that a complaint would be sought against him if a report were not submitted within one week. The defendant did not respond to this letter.
On August 26, 1986, a motor vehicle traffic citation pursuant to G.L. c.90, §26 was issued to the defendant and a $25.00 fine indicated by the Belmont Police Department.
On September 9, 1986, the defendant filed an accident report with the Registry of Motor Vehicles and the Belmont Police Department. The defendant claimed in such report his right against self-incrimination as guaranteed by Article XII of the Massachusetts Declaration of Rights and the Fifth Amendment of the United States Constitution.
On October 16, 1986, a magistrate’s hearing was held on the citation in question and a finding of “responsible” was entered against the defendant pursuant to G.L. c.90, § 26 for failing to file an accident report. The defendant’s appeal of the magistrate’s decision was heard on March 30,1987[2] by the trial court justice who found the defendant “responsible” and placed the case “on file” with the defendant’s consent[3]. The defendant thereafter claimed an *22 appeal to this Division pursuant to G.L. c.90C, §3 and the Uniform Rules on Civil Motor Vehicle Infractions (Trial Court Rule VII).
1. Contrary to the defendant’s initial contention, the Belmont Police Department was authorized to issue a civil motor vehicle infraction citation for a violation of G.L.c.90, §26 and to designate a $25.00 fine for such violation.
Section 26 states, in relevant part:
Every person operating a motor vehicle which is involved in an accident in which any person is killed .. . shall, within five days after such accident, report in writing to the registrar on a form approved by him and send a copy thereof to the police department having jurisdiction on the way where such accident occurred. . . .
The registrar may revoke or suspend the license of any person violating any provision of this section.
The defendant argues that the express provision in Section 26 for the imposition of license sanctions by the registrar precludes all but administrative enforcement of this statute. This construction of G.L. c.90, § 26 was rejected by the Appeals Court in Commonwealth v. Thorpe, 13 Mass. App. Ct. 906 (1982) wherein it was held that G.L. c.90, §26 was a criminal statute, the violation of which could serve as the basis for a criminal complaint issued and heard by a district court pursuant to G.L.c.218,§26. The Court indicated that as license suspension or revocation was not “punishment,” the provisions of G.L. c.90, § 20[4] imposing a $25.00 fine for all violations of Chapter 90 “the punishment for which is not otherwise provided” were applicable to a G.L. c.90, §26 offense.
The Thorpe decision was issued prior to the 1983 amendment of G.L. c.90C which decriminalized most motor vehicle offenses and instituted procedures for enforcement. The authority of the Belmont Police Department to issue a c.90, §26 citation is now derived from the provisions of G.L. C.90C, §2 which authorize a police officer to issue a citation for an “automobile law violation.” Such violation is defined in § 1 of the chapter as “any violation of any statute, ordinance, by-law or regulation relating to the operation or control of motor vehicles. ...” Section 3(a) of G.L. c.90C specifically permits the issuance of a civil motor vehicle citation for the occurrence of any automobile law violation for which the maximum penalty or fine does not exceed one hundred dollars for the first offense and which does not provide for a penalty of imprisonment. Pursuant to the Schedule of Assessments promulgated by the Chief Justice of the District Court Department for Civil Motor Vehicle Infractions, the fine for a failure to report an accident as required by G.L. c.90, §26 is $25.00.[5]
2. Given Belmont’s authority to issue a citation herein, the dispositive question before this Division is whether the defendant’s refusal to file a timely G.L. c.90, §26 accident report constituted a proper invocation of his privilege against self-incrimination as guaranteed by Art. XII of the Massachusetts Declaration of Rights and the Fifth Amendment of the United States Constitution. Such privilege may be effectively asserted “in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.” Attorney General v. Colleton, 387 Mass. 790, 794 (1982), quoting from Kastigar v. United States, 406 U.S. 441, 444 (1972). See also, Commonwealth v. Barboza, 387 Mass. 105, 114 (1982). In evaluating the defendant’s constitutional claim *23 herein, we remain cognizant that the “privilege [against self-incrimination] is to be construed liberally in favor of the claimant.” Commonwealth v. Borans, 388 Mass. 453, 455 (1983) and cases cited.
A refusal to testily predicated on constitutional grounds must be upheld:
unless it is perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer [s] cannot possibly have such tendency to incriminate [emphasis in original].”
Hoffman v. United States, 341 U.S. 479, 488 (1951). An application of this standard to the facts of the instant case compels the conclusion that the defendant’s refusal to file an accident report was a justifiable exercise of his privilege against self-incrimination. The information solicited by a G.L. c.90, § 26 motor vehicle accident report includes not only the identity of the vehicle operator, but also the date, time and place of the accident; details as to the location of the vehicle and the pedestrian; the speed of the vehicle; weather, light, road and collision conditions and a complete, narrative,account of the incident. Such information would, at the very least, have constituted “a link in the chain of evidence needed to prosecute” Commonwealth v. Funches, 379 Mass. 283, 289 (1979), quoting from Hoffman v. United States, 341 U.S. at 486, the defendant on the criminal charge of vehicular homicide then pending against him. Completion of the accident report form would have compelled the defendant, in derogation of his constitutional rights, to provide the Commonwealth with admissions of essential elements of its criminal case .against him; namely, operation of the vehicle and collision with the pedestrian, Joseph Scarpato.
The Commonwealth’s reliance on Commonwealth v. Joyce, 326 Mass. 751 (1951) for a contrary characterization of the accident report as non-incriminating in this case is misplaced. In affirming the constitutionality of G.L. c.90, §24, the Supreme Judicial Court expressly premised its holding in Joyce on the grounds that:
the tendency of the required information to incriminate the defendant is too remote to form the basis for a claim of privilege. The present case is not one where a charge of criminality in relation to the accident itself has been made against the defendant or where any investigation as to any criminality on his part is being pursued. There is no real or substantial danger that the evidence supplied will lead to a charge of crime or to the securing of evidence to support such a charge.
Id. at 756. The actual pendency of criminal complaints against the defendant herein the specific time a G.L. c.90, §26 report was demanded by the Belmont Police Department renders Joyce inapposite.[6]
3. Finally, we reject the Commonwealth’s argument that the defendant, on the facts of this case, waived his privilege against self-incrimination by failing to claim such privilege within the five day time period specified by G.L. c.90, §26 for the filing of accident reports, or within the seven day grace period offered by the Belmont Police Department.
*24 As a general proposition, reliance upon the privilege against self-incrimination requires a timely assertion or claim of such privilege. See, generally, Commonwealth v. Harvey, 397 Mass. 351, 357 (1986); Commonwealth v. Damiano, 14 Mass. App. Ct. 615, 624 (1982). Where statutory reporting or filing requirements can be met without a complete relinquishment of constitutional rights, timely compliance with such statutes has been held prerequisite to the successful assertion of the privilege against self-incrimination. See, e.g., United States v. Sullivan, 274 U.S. 259 (1927) (taxpayers forfeited Fifth Amendment privilege by failing to file timely return setting forth claim of privilege). A refusal to file a statutorily required document has been held to implicate the Fifth Amendment only in a limited line of cases involving mandatory filings with government agencies where the focus of the requirement was against criminal activity.” Walden v. Board of Registration in Nursing, 395 Mass. 263, 266 (1985), collecting the following cases: “Leary v. United States, 395 U.S. 6 (1969) (marihuana registration and tax); Haynes v. United States, 390 U.S. 85 (1968)(requirement that owners of illegal firearms must register and pay tax); Grosso v. United States, 390 U.S. 62 (1968) (requirement that gamblers register and pay tax); Marchetti v. United States, 390 U.S. 39 (1968) (same); Albertson v. Subversive Control Board, 382 U.S. 70 (1965) (requirement that all members of the Communist Party register).
The accident report requirements of c.90, §26 are designed to secure data “useful in the administration of the registry [of motor vehicles] and [to] assist in the compilation of statistics..." Lord v. Registrar of Motor Vehicles, 347 Mass. 608, 610 (1964). The statute is clearly not designed to compel the submission of incriminating data by targeted criminal groups. In the majority of forseeable cases, compliance with the statute would not endanger or even implicate fundamental guarantees. Although c.90, §26 is not unconstitutional on its face, the application of the statute by the Belmont Police Department on the facts of this case altered the otherwise constitutionally neutral intent of the statute. Under such circumstances, a direct judicial challenge to the reporting requirement or a late filing of the required document setting forth the constitutional claim could be deemed sufficient to preserve the defendant’s privilege against self-incrimination. See Walden v. Board of Registration in Nursing, 395 Mass. at 269-271.
The latter option was pursued by the defendant herein. A G.L. c.90, §26 accident report was in fact'filed by the defendant on September 9,1986. In the absence of a notice to the defendant that the lateness of any filing would per se result in a forfeiture of his constitutional rights, see United States v. Charles George Trucking Co., 642 F.Supp. 329, 334 (D. Mass. 1986), we are disinclined to find a waiver of the defendant’s privilege against self-incrimination herein. A waiver of constitutional guarantees must be intelligent and knowing. Blaisdell v. Commonwealth, 372 Mass. 753, 764 (1977); Taylor v. Commonwealth, 369 Mass. at 189.
4. The trial court’s finding of “responsible” entered against the defendant is hereby vacated. Afinding of “not responsible” is to be entered.
So ordered.

 The G.L. c.89, §11 complaint charged the defendant with failure to yield to a pedestrian-in-a crosswalk. ' '

 The judicial hearing of the defendant’s timely appeal from the magistrate’s finding was-postponed until the conclusion of the criminal case then pending against the defendant; The defendant was found guilty and sentenced on the criminal charges on December 23,1986.

 Trial Court Rule VII (2) states: “Nocase shall be continued withoutafindingorfiled . .. however, that if the violator has been found guilty and is simultaneously being sentenced upon a criminal motor vehicle violation that arose from the same occurrence as one or more civil motor vehicle infractions, the judge may order anv other civil motor vehicle infractions to be filed without imposition of an assessment.”

 Section 20 provides: “A person convicted of a violation of any provision of this Chapter the punishmentforwhich is nototherwise provided ... shall be punished bya fine of not more than fifty dollars for a second offense and not less than fifty nor more than one hundred dollars for subsequent offenses committed during any twelve month period...

 The promulgation of a schedule of assessments by the Chief Justice of the District Court and Rnsf.on Municipal Court Departments is authorized by G.L.c.90, §3(a).

 The constitutional privilege test of “real or substantial danger” of incrimination posited byJoyce was affirmed in Sandrinelli v. Commonwealth, 342 Mass. 129 (1961) wherein the Supreme Judicial Court declined "to adopt the ‘perfectly clear’ rule of" Hoffman v. United States, 341 U.S. 479 (1951) cited above. We note, with respect to the Commonwealth’s argument in this case, that both Joyce and Sandrinelli were decided prior to Malloy v. Hogan, 378 U.S. 1 (1964) which rendered Fifth Amendment protections applicable to the states through the Fourteenth Amendment. Federal standards now govern determinations of whether a claim of privilege is justified. Commonwealth v. Borons, 388 Mass. 453, 456 (1983); Taylor v. Commonwealth, 369 Mass. 183, 187 (1975).