O’Toole, J.
The plaintiff Cambridge Rent Control Board (the “Board”) brought this remedial action to enjoin continuing rent control violations by the defendants and to obtain damages for past violations. In a prior action, it was determined that defendants Arthur S. Abbott (“Abbott”) and Jacqueline Rickard (“Rickard”) had removed rent-controlled units in violation of Cambridge’s Rent Control Act (the “Act”) and Removal Permit Ordinance (the “Removal Ordinance”). The parties are currently before the court on three related motions: the Board’s motion for assessment of damages and judgment against defendant Rickard, the Board’s motion for assessment of damages and judgment against defendant Abbott, and Abbott’s motion to dismiss or, in the alternative, for summary judgment. Rickard was defaulted in this action on August 20, 1993. For the reasons set forth below, the Board’s motions for assessment of damages against both Rickard and Abbott are DENIED, its motions for summary judgment against Abbott is ALLOWED, and Abbott’s motion to dismiss or for summary judgment is correspondingly DENIED.
BACKGROUND
The property located at 52-54 Fairmont Street in Cambridge was registered as a five-unit rent controlled building with the Board in November 1970, and was purchased as such by Rickard and another in December 1983. Abbott and Balk purchased the property from Rickard in October 1985. Between 1983 and 1985, the five units were physically merged to create a two-unit building. Neither Rickard, Abbott, Balk nor anyone acting on their behalf applied to the Board for a removal permit to physically merge the units, as required by the Removal Ordinance. §§8.44.020, 8.44.040. Since December 1992, Abbott and his wife, who is not a party to this litigation, have been the sole owners.
The Board learned of the reduction in the number of units in November 1988, when Abbott and Balk advertised the property for sale as a duplex. After conducting adjudicatoiy proceedings, on July 24, 1989, the Board issued its final administrative determination that the property was a five-unit rent-controlled building and that Rickard, Abbott, and Balk had violated the Removal Ordinance by converting it and treating it as a two-unit building without having obtained a removal permit. Specifically, the Board ordered then-owners Abbott and Balk to restore the building to a five-unit building by January 1, 1990. Rent Control Board Notice of Ruling, SCV-88-281 (July 24, 1989). Rickard and Abbott petitioned for judicial review, and a Justice of this Court ruled in their favor. Abbott v. Cambridge Rent Control Bd., Civil No. 89-5567 (Middlesex Super. Ct. Mar. 17, 1991). The Board appealed, and the Appeals Court reversed, adjudging the premises to be subject to rent control. Arthur J. Abbott, Trustee v. Cambridge Rent Control Bd., Memorandum and Order Pursuant to Rule 1:28 [34 Mass.App.Ct. 1111 (1993)].
The Board seeks damages in the amount of $14,151.20 against Rickard and $115,203.00 against Abbott for the period that each owned the property for the three units that have effectively been removed from the market. The Board calculates damages as the difference between the lawful maximum rent and the market rent for the three units during the time in which they are off the market.
Rickard and Abbott oppose the Board’s motions, and Abbott has brought his own motion to dismiss or for summary judgment.
*206 DISCUSSION
Abbott’s motion for summaiy judgment or, alternatively, to dismiss is based on several grounds, none of which has merit. The Board’s enforcement action is not barred by the four-year statute of limitations set forth in the Rent Control Act §ll(c) (assuming that that provision even applies) because the statutory violation is ongoing. Commonwealth v. Ciesla, 380 Mass. 346, 349 (1980). The principle of res judicata, or claim preclusion, does not bar the instant action because it does not seek to relitigate any issue but rather only to enforce the judgment entered in the earlier action. The Board’s failure to join Josefina Ninobla, Abbott’s wife, is not a valid ground for dismissal; she did not become an owner of the offending property until 1992, well after the initial violations occurred, and there have been no prior findings that she was involved in any unlawful activity there. Finally, the Board’s complaint clearly states a claim upon which relief may be granted. Commonwealth v. Kapsalis, 26 Mass.App.Ct. 448 (1988), review denied 403 Mass. 1105 (1988).
The Board is entitled to summaiy judgment because this action is one to enforce the prior judgment and there is no controversy that the prior judgment stands affirmed after appeal. It is also undisputed that the property remains two, rather than five, emits. Therefore, the Board is entitled to an injunction requiring defendant Abbott to restore the property to five units and to rent the restored units at the lawful maximum rent, as established by the Board.
The Rent Control Board has asked that the defendants be ordered to pay damages to the City of Cambridge as compensation for the loss of the rent control units to the rental market, but damages are not appropriate in this case. First of all, “damages” is a word used to express a monetary award made to compensate a plaintiff who has sustained an injury. Berube v. Selectmen ofEdgartown, 336 Mass. 634, 639 (1958). The Board itself has suffered no injury to person or property of the kind for which a plaintiff would customarily be entitled to compensatory damages.
Although the Board has denominated its request for relief as damages, it is actually seeking the imposition of a penalty. It purports to act on the authority of the following provision in the Removal Ordinance:
Any person who violates this chapter shall be punished by a fine of not more than five hundred dollars. The removal of each unit shall constitute a separate violation.
Removal Permit Ordinance §8.44.090 A.
The Board relies on this provision, together with a provision in the Cambridge Municipal Code that makes each day a particular violation continues to exist a separate, and separately punishable, violation of an ordinance, in claiming the right to “damages” in the sums asserted in its papers. Cambridge Municipal Code §1.24.010B.
While §8.44.090 may be somewhat ambiguous as to whether it prescribes a criminal or a civil penalty, or perhaps both, the more sensible construction is that it provides for a criminal penalty. The use of the word “punished” ordinarily denotes a criminal sanction, rather than a civil penalty. See, e.g., G.L.c. 21E, §11 (1992 ed.) (person who violates any provision is subject to civil penalty not to exceed $25,000, or shall be punished by fine ... Or by imprisonment); G.L.c 130, §105 (1992 ed.) (person who violates order of commissioner shall be punished by a fine ... or by imprisonment; or shall be subject to a civil penalty.. .) (emphasis added). When a civil penalty is intended, the phrase used is typically “subject to . . .” See also, Commonwealth v. Thorpe, 13 Mass.App.Ct. 906, 907 (1982) (rescript).
Moreover, §8.44.090 is phrased in language similar to the criminal penalty provision set forth in Section 12 (“Criminal Penalties”) of the Act:
Whoever willfully violates any provision of this act or any rule or regulation hereunder promulgated ... shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than ninety days or both . . .
St. 1976, c. 36, §12 (c). It appears from this similarity that §8.44.090 was intended to invoke, in the particular case of the Removal Ordinance, this available criminal penally. The Board itself considered that the section created a criminal penalty because in its decision of July 24, 1989, ultimately affirmed in the prior action, it ordered its general counsel to seek criminal complaints against Rickard for the illegal removal of the units.
If §8.44.090 establishes a criminal penalty, it cannot at the same time be the basis for a remedy in the nature of a civil fine. While a statute or ordinance might provide alternatively for criminal and civil sanctions, the very same words cannot simultaneously create both remedies; they create either a criminal or a civil remedy. Here, the better construction is that §8.44.090 creates a criminal sanction. There is no other reference to a civil fine or penalty. The Board may not seek a civil fine under the authority of that section.
Finally, the general authority to seek “damages” does not grant the right to collect civil fines. St. 1976, c. 36, §11(d). As noted above, the Board has not been “damaged” in the traditional sense by the defendants. Nor would a civil fine properly be referred to as “damages.” But even if the drafters be indulged so that “damages” is understood to encompass the assessment of a civil fine, there would still need to be specific authority to assess this civil fine. The general authority to enforce the Rent Control Act or the Removal Ordinance by an action for “damages” does not grant the Board authority to seek any kind of “damages” it may *207 choose, without any further specific authority. For example, general authority to sue for “damages” would not authorize multiple damages without a more specific provision permitting such exemplary damages. Similarly, the general authority to recover does not, without more, permit exemplary damages in the nature of a civil fine.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Board’s motion for summary judgment against Abbott is ALLOWED, its request for an injunction enjoining continued violation is ALLOWED, its request for damages against Abbott and Rickard is DENIED, and Abbott’s motion to dismiss or, in the alternative for summary judgment, is DENIED.