COMMONWEALTH vs. DAVID P. BORANS.

Suffolk. November 4, 1982. — March 14, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Self-incrimination. *Contempt.*

At the trial of a defendant on various charges arising from a kickback
scheme in which the defendant was alleged to have participated with a
witness, the witness could properly claim his privilege against self-
incrimination in his refusal to testify, where his testimony might sug-
gest that he had perjured himself in testifying before a grand jury and
at a trial of charges against him arising from the same kickback
scheme, where his testimony before the grand jury and at his own trial
did not constitute a waiver of the privilege respecting the trial in ques-
tion, and where the witness's prior convictions on charges related to
the kickback scheme did not effectively immunize him from further
prosecution on other charges as a result of his testimony. [455-459]

ADJUDICATION of contempt in the Superior Court Depart-
ment by *Sullivan,* J., on February 1, 1982.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*James L. Sultan (Harvey A. Silverglate & Victor J. Garo*
with him) for the defendant.

*Carole Ann Fagan,* Assistant District Attorney, for the
Commonwealth.

ABRAMS, J. After his convictions were affirmed, see
*Commonwealth* v. *Borans,* 379 Mass. 117 (1979),[1] David

---

[1] "Borans was convicted on ten indictments alleging a conflict of in-
terest under G. L. c. 268A, § 2 (*b*) (six indictments) larceny, accessory
after the fact to a felony, perjury and subornation of perjury.

"The judge sentenced Borans to concurrent terms of from six to nine
years' imprisonment for the crimes of perjury and subornation of perjury.
The judge also sentenced Borans to terms of from four to five years' im-

Borans was subpoenaed by the Commonwealth to testify in the related trial of one William Reinstein. Borans refused to answer questions at Reinstein's trial, asserting the constitutional privilege against self-incrimination. See U.S. Const. amend. V; art. 12 of the Massachusetts Declaration of Rights. The judge ruled that Borans had waived that privilege, and adjudged Borans guilty of criminal contempt under the summary procedures of Mass. R. Crim. P. 43, 378 Mass. 919 (1979).[2] The defendant appealed. We transferred the case on our own motion. We reverse.

We summarize the facts. William Reinstein took office as mayor of the city of Revere in 1972, and appointed David Borans as the city's purchasing agent shortly thereafter. In 1976, a Suffolk County grand jury was convened to investigate an alleged kickback scheme involving the construction of Revere High School during Reinstein's tenure in office. Borans voluntarily testified before the grand jury, denying knowledge of any kickback scheme. The grand jury indicted Reinstein and Borans on counts arising from the kickback scheme, and indicted Borans for perjury before the grand jury. After trial by jury, Borans was convicted on ten indictments. See note 1, *supra.*

After Borans' trial, the Commonwealth moved for a trial of Reinstein. Reinstein's first and second trials ended in mistrials. A third began in November, 1981. At that time, the prosecution served a summons on Borans to appear as a witness. Borans filed a motion to dismiss the summons, based on his privilege against self-incrimination, which was denied.

---

prisonment for the crime of larceny and for the crime of being an accessory after the fact. He sentenced Borans to terms of two and one-half to three years' imprisonment for each of Borans' convictions of violations of G. L. c. 268A, § 2 (b). The eight sentences were to be served concurrently with the perjury and subornation of perjury sentences. In December, 1978, the sentences were reduced by the judge to time served, and Borans was placed on unsupervised probation for the remainder of the terms." *Commonwealth* v. *Borans,* 379 Mass. 117, 119 n.1 (1979).

[2] The judge sentenced the defendant to imprisonment for two months, but stayed execution of the sentence pending this appeal.

Pursuant to a subpoena, Borans appeared on February 1, 1982, as a prosecution witness before the judge in the Reinstein trial. Borans was questioned in the absence of the jury. After stating his name and address, Borans refused to answer any further questions concerning events during his tenure as purchasing agent.[3] Although the judge ordered him to answer, Borans refused. The judge found him in contempt. The next day, the judge sentenced Borans to sixty days' imprisonment for criminal contempt, finding that Borans had waived his Fifth Amendment privilege.[4]

Borans claims that he validly asserted the Fifth Amendment privilege against self-incrimination, and that his testimony before the grand jury and at his own trial does not constitute a waiver of that privilege. We agree.[5]

A person's right to be free from self-incrimination is a fundamental principle of our system of justice, secured by the Fifth Amendment to the United States Constitution and by art. 12 of the Massachusetts Declaration of Rights. Accordingly, the privilege is to be construed liberally in favor of the claimant. *Hoffman* v. *United States*, 341 U.S. 479, 486 (1951). *In re Brogna*, 589 F.2d 24, 27 (1st Cir. 1978). See *Commonwealth* v. *Funches*, 379 Mass. 283, 289 (1979).

---

[3] The voir dire was conducted as follows:

THE PROSECUTOR: "Could you give us your name, please?"

THE WITNESS: "David Borans."

THE PROSECUTOR: "Spell your last name?"

THE WITNESS: "B-o-r-a-n-s."

THE PROSECUTOR: "And where do you live, Mr. Borans?"

THE WITNESS: "111 Atlantic Avenue, Revere."

THE PROSECUTOR: "Revere. Mr. Borans, directing your attention to 1972, were you appointed to a certain position in the City of Revere?"

THE WITNESS: "I respectfully decline to answer on Fifth Amendment privilege."

[4] The judge's finding of waiver presumably was based on the defendant's prior testimony before the grand jury or at his own trial.

[5] We need not reach Borans' additional contention that the judge's use of summary contempt procedures pursuant to Mass. R. Crim. P. 43 was improper, because we conclude that Borans correctly asserted his constitutional privilege against self-incrimination.

We apply Federal standards to determine whether a claim of privilege is justified. *Malloy* v. *Hogan*, 378 U.S. 1 (1964). *Commonwealth* v. *Francis*, 375 Mass. 211, 215, cert. denied, 439 U.S. 872 (1978). *Murphy* v. *Commonwealth*, 354 Mass. 81, 84 (1968). Under those standards, a refusal to testify on Fifth Amendment grounds must be upheld unless it is "'*perfectly clear*, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such tendency' to incriminate." *Hoffman* v. *United States*, 341 U.S. 479, 488 (1951), quoting *Temple* v. *Commonwealth*, 75 Va. 892, 898 (1881), cited with approval in *Counselman* v. *Hitchcock*, 142 U.S. 547, 579-580 (1892). *Commonwealth* v. *Funches*, 379 Mass. 283, 289 (1979). The privilege "not only extends to answers that would in themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant." *Hoffman* v. *United States, supra* at 486. *Commonwealth* v. *Francis, supra.* Employing these principles, we conclude that Borans has a proper basis upon which to invoke the protection of the Fifth Amendment.[6]

At his trial, Borans was convicted of perjury in his grand jury testimony. The prosecution wanted him to testify at Reinstein's trial as to the same topics covered by his previous testimony.[7] Borans suggests that the Commonwealth was again attempting to place him "in a dilemma: either give [self-] incriminating testimony [subjecting him to prosecution for perjury at his own trial] or perjure himself" by incriminating Reinstein. *Commonwealth* v. *Borans*, 379 Mass. 117, 138 (1979).[8]

---

[6] Although this issue was not explicitly addressed by the trial judge, a finding that the Fifth Amendment is potentially available to Borans is necessary for a determination of Borans' claim of privilege.

[7] It is not clear from the record whether the Commonwealth's interrogation or Reinstein's cross-examination of Borans, in fact, would have stayed within the scope of Borans' testimony to the grand jury and at his trial.

[8] Borans had denied any knowledge of a kickback scheme. Borans' testimony at his trial paralleled his testimony before the grand jury, for

Borans responded to this dilemma by using the other "option available to him: the assertion of his constitutional privilege against self-incrimination." *Id.* "[A] witness may not claim the privilege out of fear that he will be prosecuted for perjury for what he is about to say, although he may claim the privilege if his new testimony might suggest that he had perjured himself in testifying on the same subject at a prior proceeding." *United States* v. *Partin,* 552 F.2d 621, 632 (5th Cir.), cert. denied, 434 U.S. 903 (1977). See *United States* v. *Fortin,* 685 F.2d 1297, 1298 (11th Cir. 1982); *United States* v. *Housand,* 550 F.2d 818, 823 (2d Cir.), cert. denied, 431 U.S. 970 (1977). "The witness [Borans], consequently, may have had reasonable cause to apprehend danger from a direct answer," *id.,* to questions at Reinstein's trial.

The Commonwealth claims that Borans has waived his privilege against self-incrimination by testifying before the grand jury and at his own trial. We disagree. "It is the majority rule that waiver by testimony is limited to the proceeding in which it is given and does not extend to subsequent proceedings. 8 J. Wigmore, [Evidence] § 2276 at 458 (1961, Supp. 1975)." *Taylor* v. *Commonwealth,* 369 Mass. 183, 190-191 (1975). See *United States* v. *Cain,* 544 F.2d 1113, 1117 (1st Cir. 1976); *United States* v. *Johnson,* 488 F.2d 1206, 1210 (1st Cir. 1973); *United States* v. *James,* 609 F.2d 36, 45 (2d Cir. 1979), cert. denied, 445 U.S. 905 (1980); *United States* v. *Miranti,* 253 F.2d 135, 139 (2d Cir. 1958); *In re Neff,* 206 F.2d 149, 152 (3d Cir. 1953) (the rule "is settled by the overwhelming weight of authority"); *United States* v. *Goodman,* 289 F.2d 256, 259 (4th Cir.), vacated and remanded on other grounds, 368 U.S. 14 (1961); *United States* v. *Wilcox,* 450 F.2d 1131, 1141-1142 (5th Cir. 1971), cert. denied, 405 U.S. 917 (1972); *United States* v. *Licavoli,* 604 F.2d 613, 623 (9th Cir. 1979), cert. denied, 446 U.S. 935 (1980) ("voluntary testimony before a grand

which he was convicted of perjury. In his last appeal, *Commonwealth* v. *Borans, supra,* Borans did not challenge the falsity of some of his grand jury testimony.

jury does not waive the privilege against self-incrimination at trial"); *Matter of Beery,* 680 F.2d 705, 720 n.17 (10th Cir.), cert. denied sub nom. *Beery* v. *Turner,* 459 U.S. 1037 (1982); *United States* v. *Fortin,* 685 F.2d 1297, 1298-1299 (11th Cir. 1982); Annot., 42 A.L.R. Fed. 793 (1979).[9] See generally *Pillsbury Co.* v. *Conboy,* 459 U.S. 248 (1983).

We believe that any waiver of Borans' privilege at the grand jury proceedings or at his trial does not extend to his testimony as a witness at the Reinstein trial.[10] Although the Borans trial and the Reinstein trial originated from the same grand jury investigation, the two trials cannot be considered as the same "proceeding." The fact that the trials originated with the same grand jury is simply not enough to defeat a claim of privilege. These are different proceedings because each has a different defendant.[11] Thus, we conclude that Borans did not waive his right to Fifth Amend-

---

[9] The rule in the United States Court of Appeals for the District of Columbia Circuit is unclear. In *Ellis* v. *United States,* 416 F.2d 791, 805 (D.C. Cir. 1969), the court stated that "where a non-indicted witness has waived his Fifth Amendment privilege by testifying before a grand jury voluntarily and with knowledge of his privilege, his waiver extends to a subsequent trial based on an indictment returned by the grand jury that heard his testimony," unless new conditions or new issues present the danger of further incrimination. However, that court subsequently stated that "a waiver of the privilege against self-incrimination is effective only in the proceedings at which the accused testifies." *Black Panther Party* v. *Smith,* 661 F.2d 1243, 1273 (D.C. Cir. 1981), summarily vacated and remanded on other grounds, 458 U.S. 1118 (1982). See Note, The Impact of Ellis v. United States on the Privilege Against Self-Incrimination, 15 How. L.J. 686 (1969).

[10] Relying on dicta in *Matter of DeSaulnier (No. 2),* 360 Mass. 761, 766 (1971), the Commonwealth challenges the general rule. *DeSaulnier, supra,* indicated that a waiver of privilege could be found when a witness testifies in a proceeding that is the "probable, logical, or natural continuation or outgrowth of the proceeding or inquiry," in which the witness waived the privilege by giving previously recorded testimony on the same subjects. Unlike the *Borans* case, the testimony at issue in *DeSaulnier* was part of a continuing inquiry into judicial misconduct with the same witness, the same defendants, and the same offenses.

[11] It is not even clear that the charges against Reinstein and Borans are identical. Nor is it clear that the witnesses called at Reinstein's trial were the same as those who testified against Borans.

ment protection by voluntarily testifying before the grand jury or by taking the stand in his own defense at his trial.

The Commonwealth also asserts that, in any event, we should deny Fifth Amendment protection to Borans because he is effectively immunized from further prosecution by his prior convictions.[12]   However, "a witness does not lose his Fifth Amendment right to refuse to testify concerning *other* matters or transactions not included in his conviction." *United States* v. *Pardo,* 636 F.2d 535, 544 (D.C. Cir. 1980).[13]  See *supra* at 457-459.  "Furthermore, neither a practical unlikelihood of prosecution nor the prosecutor's denial of an intention to prosecute negates an otherwise proper invocation of the Fifth Amendment." *Turner* v. *Fair,* 476 F. Supp. 874, 880 (D. Mass. 1979), vacated and remanded on other grounds, 617 F.2d 7 (1st Cir. 1980).

In light of all these considerations, we conclude that Borans properly could invoke Fifth Amendment protection. Accordingly, we reverse the judgment of contempt against Borans.[14]

*Judgment reversed.*

*Finding set aside.*

*Judgment for the defendant.*

---

[12] The Commonwealth also claims that Borans was required to answer additional questions at Reinstein's trial before he was entitled to assert his privilege.  However, we have said that "the witness must claim his privilege in the outset, when the testimony he is about to give, will, if he answers fully all that appertains to it, expose him to a criminal charge, and if he does not, he waives it altogether." *Foster* v. *Pierce,* 11 Cush. 437, 439 (1853), quoted in *Commonwealth* v. *Funches,* 379 Mass. 283, 289 (1979). *Baker* v. *Eisenstadt,* 456 F.2d 382, 394 (1st Cir.), cert. denied, 409 U.S. 846 (1972). Even assuming that Borans claimed the privilege too early, it was clear to the Commonwealth and the judge that Borans' refusal to testify extended to all of the areas of intended inquiry described by the prosecution in its response to Borans' motion to dismiss his summons.

[13] At oral argument, Borans claimed that he had not yet been tried on one count of an indictment.  However, the record is not clear on this point.

[14] Relying on *Ottomano* v. *United States,* 468 F.2d 269 (1st Cir. 1972), cert. denied, 409 U.S. 1128 (1973), Borans also asserts that he could incriminate himself in light of his motion for a new trial.  We need not reach this issue, as we conclude that the possibility of prosecution for perjury is sufficient to support his claim.