# RESCRIPT OPINIONS.

RICHARD A. PALAZA vs. SUPERIOR COURT. October 1, 1984. *Constitutional Law*, Self-incrimination.

The Commonwealth appeals from an order by a single justice of this court vacating an order by a judge in the Superior Court. The Superior Court judge ordered a witness, Richard A. Palaza, to testify in the forthcoming trial of Jeffrey R. Jones. Palaza petitioned the single justice, seeking relief under G. L. c. 211, § 3. The pertinent facts underlying this controversy are set forth in *Petition of the Dist. Attorney for the Plymouth Dist.*, 391 Mass. 723 (1984). We have issued an order affirming the order of the single justice, and now set forth our opinion.

The Commonwealth has conceded that in the absence of waiver or of a grant of immunity pursuant to G. L. c. 211, § 3, Palaza has a valid Fifth Amendment claim. The Commonwealth contends that Palaza waived his Fifth Amendment privilege for all future questioning about the incident by testifying before the grand jury. In the alternative, the Commonwealth argues that the single justice made a clear error of law in refusing to exercise the court's supervisory power under G. L. c. 211, § 3, to grant immunity to Palaza. We disagree as to both contentions.

The question of Palaza's waiver of his Fifth Amendment privilege by having testified previously before a grand jury is controlled by our decision in *Commonwealth* v. *Borans*, 388 Mass. 453 (1983). In *Borans* we concluded that any waiver of Borans's privilege at a grand jury proceeding did not continue to his testimony as a witness at the trial of William Reinstein. *Id.* at 458. Similarly, any waiver by Palaza at the grand jury proceedings does not extend to the testimony sought from him by the Commonwealth at the Jones trial. The Commonwealth argues that the *Borans* case can be distinguished from the present case because Borans testified to a grand jury which indicted both Borans and Reinstein; and Palaza, already having been indicted, testified to a grand jury which subsequently indicted only Jones. It is unclear from the record whether Palaza had been indicted when he testified. Assuming that he had, we find that the Commonwealth's argument presents no meaningful distinction. Palaza is under threat of prosecution for perjury, as was Borans. *Borans, supra* at 459 n.14. Palaza also has at stake possible incrimination as to the crimes of conspiracy, G. L. c. 274, § 7; accessory after the fact, G. L. c. 274, § 5; and disposing of a dead body, G. L. c. 114, § 50.

The Jones trial and the earlier grand jury proceedings in which Palaza testified are different proceedings for the purposes of Palaza's assertion of his Fifth Amendment privilege. The Commonwealth urges us to follow the decision in *Commonwealth* v. *Weed,* 17 Mass. App. Ct. 463, 465-467 (1984). We decline to do so. *Weed* relied, in part, on dicta in *Matter of DeSaulnier (No. 2),* 360 Mass. 761, 766 (1971). Any dicta in *DeSaulnier* have now been modified by our decision in *Borans.* "It is the majority rule that waiver by testimony is limited to the proceeding in which it is given and does not extend to subsequent proceedings. 8 J. Wigmore, [Evidence] § 2276 at 458 (1961, Supp. 1975)." *Borans, supra* at 457, quoting *Taylor* v. *Commonwealth,* 369 Mass. 183, 190-191 (1975).

We need not reach the question whether this court has the power to grant immunity under G. L. c. 211, § 3, or as part of its inherent powers, since orders entered by a single justice under G. L. c. 211, § 3, are not to be disturbed, absent abuse of discretion or clear error of law. *Schipani* v. *Commonwealth,* 382 Mass. 685 (1980). The single justice stated in her order that, regardless of the legal issue, if it were within her power to do so, she would not grant immunity. Her reasons were, among others, that she might be immunizing Palaza from a possible charge of perjury and that the Commonwealth's request had come late. We discern no error of law or abuse of discretion in the single justice's denial of the Commonwealth's request.

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth.