CARLOS LUNA *vs.* SUPERIOR COURT.

Suffolk. April 2, 1990. - June 27, 1990.

Present: LIACOS, C.J., NOLAN, LYNCH, & O'CONNOR, JJ.

*Moot Question. Constitutional Law*, Self-incrimination. *Witness*, Self-incrimination. *Waiver.*

A prospective witness in a criminal case who voluntarily submitted an affidavit in conjunction with a Commonwealth motion was correctly held to have waived his privilege against self-incrimination for purposes of further proceedings in the same criminal case. [749-751]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 9, 1990.

The case was heard by *Wilkins*, J.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 27, 1990.

The case was heard by *Greaney*, J.

*Willie J. Davis* for the petitioner.

*Max D. Stern* (*Patricia Garin* with him) for Albert Lewin, intervener.

*Tobin N. Harvey*, Deputy Attorney General (*Jill S. Plancher*, Assistant Attorney General, with him) for the Attorney General, amicus curiae.

LYNCH, J. Detective Carlos Luna of the Boston police department (petitioner) appeals from successive denials by single justices of this court of his petitions under G. L. c. 211, § 3 (1988 ed.), seeking relief from the orders of a Superior Court judge compelling him to testify in connection with criminal proceedings against Albert Lewin. In both cases the petitioner asserted that the orders would violate his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. A single justice first declined to set

aside the judge's allowance of Lewin's motion to compel the petitioner to testify at the hearing on Lewin's renewed motion to dismiss (SJC No. 5320). Thereafter, another single justice declined to set aside the judge's ruling that the petitioner could be compelled to testify at Lewin's trial (SJC No. 5326). Because the petitioner has already given testimony in connection with Lewin's renewed motion to dismiss, the question raised in SJC No. 5320 is moot. We affirm the single justice's decision in SJC No. 5326, that the petitioner can be compelled to testify at Lewin's trial.

*Commonwealth* v. *Lewin*, 405 Mass. 566 (1989), provides a detailed chronology of the underlying facts in this case. That decision followed dismissal in the Superior Court of a murder indictment against Lewin on the ground that the Commonwealth had failed to produce a confidential informant purportedly relied upon by the police department. The Commonwealth moved for reconsideration of the order of dismissal and represented to the court that the petitioner's previous statements concerning the informant had been inaccurate in several respects. The petitioner filed an affidavit setting forth a revised version of the events in compliance with the judge's order. This court reinstated the indictment on appeal. *Id.* at 588.

Lewin filed another motion to dismiss in the Superior Court and moved that the petitioner be compelled to testify. The judge granted Lewin's motion to compel the petitioner's testimony only to permit cross-examination of the petitioner concerning the facts asserted in his affidavit. The petitioner invoked his State and Federal privilege against self-incrimination, and the judge ruled that he had waived his privilege with respect to matters discussed in his affidavit. The single justice denied the petitioner's subsequent petition for relief under G. L. c. 211, § 3, and refused to grant a stay pending appeal. The petitioner thereafter testified for two days in connection with Lewin's renewed motion to dismiss. The judge observed that "Luna's testimony far exceeded the limited scope this court prescribed in its . . . decision [granting Lewin's motion to compel Luna to testify]," and that Luna

testified "comprehensively and fully" in connection with the renewed motion to dismiss.

In accordance with an agreement of the parties to avoid delaying Lewin's trial, the petitioner has appeared in Superior Court and stated that, if called as a witness, he would invoke his privilege against self-incrimination. The judge ruled that the petitioner had waived the privilege and ordered him to appear and give testimony at trial. The petitioner sought relief under G. L. c. 211, § 3, and a single justice denied his petition.

1. *SJC No. 5320.* After the single justice denied his first petition for relief under G. L. c. 211, § 3, the petitioner filed a notice of appeal. He then returned to the Superior Court and testified fully, without objection as to the scope of the examination. Therefore, the appeal of the order compelling him to testify at the hearing on Luna's renewed motion to dismiss is moot. See, e.g., *Lockhardt* v. *Attorney Gen.*, 390 Mass. 780, 784 (1984); *Silverman's Liquor Mart, Inc.* v. *Licensing Bd. for Boston*, 348 Mass. 524, 530-531 (1965). There is no longer a live controversy concerning the petitioner's testimony at that hearing.

The petitioner contends that the issue is not moot because he is under indictment for perjury and related offenses and fears that the Commonwealth may seek to use his compelled testimony in the criminal proceedings against him. We do not agree.

Any dispute regarding the use of the petitioner's testimony in the criminal proceedings against him may be litigated and appealed, as part of those proceedings.

2. *SJC No. 5326.*[1] Decisions of a single justice will not be disturbed on appeal absent clear error of law or abuse of dis-

---

[1]As the single justice observed in his memorandum and order, pretrial determinations are not normally made on the issue whether potential witnesses may invoke their privilege against self-incrimination if they are called at trial. In most instances decisions of this sort are not made until a given witness refuses to testify and a judgment of contempt is entered. Such a judgment is subject to immediate appeal as a final judgment and, if necessary, the judgment can be stayed while any such appeal is expedited. In the circumstances of this case, however, where a long and complex trial

cretion. See, e.g., *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106 (1989). Neither is present here.

The single justice ruled that there was a sufficient basis in the record to conclude that the petitioner waived his privilege against self-incrimination when he voluntarily submitted an affidavit in conjunction with the Commonwealth's motion for reconsideration of the dismissal of the indictment, and that the petitioner's waiver extends to his testimony at trial. We agree.

"It has long been the law in Massachusetts that if an ordinary witness, not a party to a cause, voluntarily testifies to a fact of an incriminating nature, he waives his privilege as to subsequent questions seeking related facts." *Taylor* v. *Commonwealth*, 369 Mass. 183, 189 (1975). The record in this case provides ample basis upon which to conclude that the testimony contained in the petitioner's affidavit was provided voluntarily. During the hearing of February 27, 1989, at which the petitioner's affidavit was directed, the judge stated: "I'm not sure how an order could force [him] to inculpate further. [He] could simply take the Fifth Amendment." Despite this statement the petitioner chose to file his affidavit.

The petitioner's subsequent testimony in connection with Lewin's renewed motion to dismiss confirms that he wanted to make a full disclosure of his previous conduct. As noted above, the petitioner's testimony occupied two days and was comprehensive. Moreover, the petitioner specifically testified that he had numerous meetings with his attorney[2] to decide whether to submit an affidavit. He testified that he knew that by filing the affidavit he was "cutting [his] head off," but that such was necessary if the indictment was to be reinstated.

This case is significantly different from *Commonwealth* v. *Borans*, 388 Mass. 453 (1983), and *Palaza* v. *Superior Court*, 393 Mass. 1001 (1984), where witnesses' waivers by

is likely, the judge's attempts to clear away certain issues in advance were not improper.

[2]Not counsel on the present appeal.

testimony in earlier proceedings were held not to apply in later proceedings. As the single justice noted in his memorandum and order, the later proceedings in both *Borans* and *Palaza* were trials involving different defendants. By contrast, this case involves the continuation of the same criminal proceeding. It involves the same charges and the same defendant, Albert Lewin. See *Matter of DeSaulnier (No. 2)*, 360 Mass. 761, 766 (1971) (waiver extends to subsequent proceeding if "proceeding in which the privilege is invoked is a probable, logical, or natural continuation or outgrowth of the proceeding . . . in which prior testimony has been given by the witness").

For these reasons we rule that the question raised in SJC No. 5320 is moot. In SJC No. 5326, we affirm the order compelling the petitioner to testify at the trial of Albert Lewin.

*So ordered.*