*1345 ON THE MERITS
DOWNEY, Judge.
This is an appeal from an order in a criminal case granting appellant’s motion to dismiss the cause for outrageous governmental misconduct. We initially dismissed the appeal based upon Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987). However, on petition for rehearing, the case was considered en banc and in an opinion in State v. Nessim, 587 So.2d 1343 (Fla. 4th DCA 1991), we vacated the previous opinion and assigned the case for consideration on the merits.
On November 7, 1986, appellant, Albert Nessim, was originally charged by information with four counts of conspiracy to commit murder in the first degree and four counts of criminal solicitation to commit murder in the first degree. Thereafter, on May 26,1988, the state entered a nolle pros to the four conspiracy charges. Then, on December 30, 1988, appellant filed a written motion to dismiss the remaining criminal charges, based upon outrageous governmental misconduct. The conduct specified in the motion involved primarily the activities of one, James Talavera, a confidential informant for the Florida Department of Law Enforcement, and the primary witness for the state in the present case. The motion alleged that, besides the testimony of Talavera, the state’s case relied upon tape recordings of undercover conversations between appellant and Talavera, handwritten notes given to Talavera by appellant containing the names of the intended victims, and cash given to Talavera by appellant for passage to Brazil, the site of the intended homicides, and for expenses. There are allegations that Talav-era received $1,500 from Nessim for the recovery of certain gems that Talavera never delivered to appellant. It is charged therein that Talavera received numerous phone calls and taped messages from appellant attempting to clarify and unequivocally renounce his intention to have the alleged victims murdered in Brazil. It is contended the tapes were destroyed by Ta-lavera. Finally, appellant alleges that, when he attempted to renounce his intention to go through with the murder-for-hire arrangement, Talavera and a cohort, Ab-chal, who had been used by Florida Department of Law Enforcement in the past as an informer, began extorting money from him to the tune of $9,000. Proof of said payment was alleged to be in appellant’s possession in the form of Western Union wire transfer receipts.
The motion to dismiss alleges Abchal was arrested in February, 1987, and charged with various crimes, some of which involved associates of Talavera. Thereafter, Abchal is alleged to have given a statement that implicates Talavera in extortion plots.
Nessim contends that, pursuant to section 777.04(5), Florida Statutes (1989), he would have a complete defense to the present charges if he could prove his attempt to voluntarily renounce his original purpose. However, due to the outrageous conduct of Talavera, an agent of the state, he has been precluded from adducing corroborative proof of his intention to renounce his original criminal purpose because Talavera destroyed the tapes of his renunciation messages. Appellant’s only remaining witness is Abchal, who could support appellant’s contentions. However, Abchal has unequivocally indicated his intention to assert his fifth amendment privilege against self-incrimination and will refuse to testify unless he is granted immunity. Abchal has been specifically instructed by Assistant State Attorney Vaughn, it is alleged, not to become involved as a witness in any prosecution in which Talavera is a witness for the state. Therefore, appellant moved the court to instruct the state to confer immunity on Abchal to secure his testimony or suffer dismissal of the charges due to outrageous governmental misconduct.
The trial court held evidentiary hearings on January 12th and 19th, 1989, heard argument of counsel and, thereupon, entered the order appealed from granting appel *1346 lant’s motion to dismiss. The order makes extensive findings of fact that support the allegations in appellant’s motion to dismiss. The court found that Talavera was not worthy of belief; that he has a long history of criminal activity; and that all of the charges of criminal activity involving appellant and Talavera appeared to have merit. The court, therefore, concluded:
It should be further noted that upon consideration of the issues raised and the evidence presented herein, this Court feels that to deny relief to Defendant would be tantamount to condoning the outrageous and illegal misconduct which occurred here. This Court finds that notion to be wholly untenable. Rather, in light of the seriousness of the facts presented, and in consideration of the compelling and credible testimony introduced by the Defendant, the evidence as presented shows clearly that George Ab-chal is a critical defense witness necessary to a just resolution of the issues at bar. Therefore, this Court feels compelled and justified in the exercise of its remedial power in presenting an option to the State calling for either a granting of immunity to George Abchal or, in the alternative, to suffer the severe sanction of dismissal of the instant Information.
The issues having been thoroughly presented and carefully considered, this Court hereby finds that the actions and conduct of James Talavera described herein constitute improper governmental and prosecutorial misconduct. In addition, this Court finds that by the State’s refusal to grant immunity to George Ab-chal, the Defendant has been denied the opportunity to present an important and necessary witness in support of the issues at bar and in defense of the instant charges. As such, the Defendant has been denied due process and the right to present favorable witnesses in his behalf in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Florida Constitution.
The trial court relied primarily upon State v. Montgomery, 467 So.2d 887 (Fla. 3d DCA 1985), and the numerous federal cases cited therein for the authority to require the state to exercise its discretion to grant immunity to Abchal or suffer a dismissal of the pending charges.
Although the jurisprudence in Florida seems somewhat unsettled in Montgomery, the Third District took a firm position, holding that governmental misconduct resulting in a distortion of the fact-finding process was adequate grounds for the trial court to give the state the option of granting a witness in a criminal case statutory use immunity or suffer a dismissal of the pending charges. We align this court with the views expressed in Montgomery and affirm the order appealed from.
ANSTEAD and FARMER, JJ., concur.