Fremont-Smith, J.
After hearing, defendants’ motion is allowed. Mr. Burns, the alleged victim in this case, had testified in detail before the grand jury with regard to defendants’ involvement in the alleged crimes but subsequently, while an inmate at MCI-Concord, advised the Commonwealth and defense counsel that he will not testify at the trial on the ground that his testimony may tend to incriminate him. At the hearing on May 29, 1996, Mr. Burns testified that he would refuse to answer any substantive questions on that ground.
The first question is whether Mr. Burns waived his privilege against self incrimination by testifying in detail before the grand juiy. In Commonwealth v. Borans, 388 Mass. 453 (1983), the Supreme Judicial Court held that a waiver extends only to further testimony in the “samé proceeding,” and that a grand juiy proceeding was a separate proceeding from that of the trial which may result from the indictment. Accord: Palaza v. Superior Court, 393 Mass. 1001 (1984). In this Court’s view, Luna v. Superior Court, 407 Mass. 747 (1990), and Commonwealth v. Penta, 32 Mass.App.Ct. 36 (1992), do not change the result, as they involved pre-trial sworn statements by the witness after the indictment, i.e., in the “same proceeding” as the trial.
There being no waiver, the next question is whether Mr. Burns has properly invoked the privilege against self incrimination in the circumstances here. A witness may refuse to testify on such grounds unless it is “perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answers cannot possibly have such tendency to incriminate.” Commonwealth v. Funches, 379 Mass. 283, 289 (1979), quoting Hoffman v. United States, 341 US 479, 488 (1951). Here, it is reasonably possible that his testimony might tend to incriminate him with regard to any possession by him of an unregistered hand gun at the scene, any possession by him of ammunition at the scene, and any involvement by him in a conspiracy to traffick in drugs or guns. No immunity from prosecution was ever granted him, and the events in question took place in 1994, so there is no statute of limitations bar to his prosecution. Considering all of the circumstances here, including the transcript of Burns’ grand jury testimony, the Court cannot say it is “perfectly clear” that his testimony at the trial “cannot possibly have a tendency to incriminate” him. That the real motivation for his refusal to testify may be a fear of the defendants rather than a fear of prosecution, is not something which the Court may consider.
ORDER
Accordingly, the Court finds that Burns has the right to refuse to testify in this case, so that defendant’s Motion in Limine to exclude such testimony is ALLOWED.