Fremont-Smith,
J. The Boston Police Department (“the Department”) seeks a declaratory judgment from this Court ordering Mojabi, who has asserted his Fifth Amendment right not to testify before the Civil Service Commission, to testify. Mojabi had been involved in a fatal motor vehicle accident while intoxicated, and gave statements to State Police officers who investigated the accident and later, to State Police Lieutenant Bearhouse, that he had been drinking with three *762 on-duty Boston police officers prior to the accident. Upon being indicted for motor vehicle homicide, he pled guilty and was sentenced to seven to ten years imprisonment, which he is presently serving.
Based upon his statements to the police officers, the Department issued disciplinary specifications against the officers, charging them with neglect of duty, drinking on duty, alcoholism in police vehicle, and having an unauthorized passenger in a police vehicle. The parties waived a hearing before the Department, proceeding directly to the Civil Service Commission. The Commission permitted Mojabi’s deposition to be taken by the Department, at which he asserted his right against self-incrimination to all questions asked him, including questions not directly related to the accident (such as his employment history, sources of income, and whether he had pled guilty to the charge of motor vehicle homicide), as well as to other questions concerning the events leading up to, and surrounding, the accident. The Commission subsequently denied the Department’s motion that Mojabi be ordered to answer the questions put to him at his deposition, and the Department now moves that this Court order him to do so.
DISCUSSION
The Department contends that Mojabi, having pled guilty to vehicular homicide, having admitted to the essential facts concerning the accident as stated by the assistant district attorney at his plea colloquy, and having been convicted of motor vehicle homicide by reason of his guilty plea, could not possibly incriminate himself by testifying in response to the questions he was asked at his deposition.
As set forth in the cases cited in Liacos, Handbook of Massachusetts Evidence, §13.13.2, however, to deny the privilege, it must be perfectly clear from a careful consideration of all the circumstances in the case, that the witness was mistaken in his claim of privilege, and that the answers to the questions asked cannot possibly have a tendency to incriminate. The claim of privilege, moreover, should be allowed if there was “even slender ground for apprehending that testimony on the part of the witness might tend to incriminate him.” Although any circumstance that eliminates a witness’ exposure to prosecution, such as running of the statute of limitations of the alleged crime or a conviction on acquittal of the alleged crime, bars the privilege, Liacos, Handbook of Massachusetts Evidence, §13.13.2. p. 787 (1994), a witness does not lose the privilege concerning other matters not included in the conviction. Commonwealth v. Borans, 388 Mass. 453, 459 (1983). See also, Commonwealth v. Colantonio, 31 Mass.App. 299, 305 (1991) (“although the witness’s testimony could not expose him to prosecution for the crime to which he had pled guilty, testimony concerning the episode could expose him to prosecution for a related crime, such as conspiracy,” so the judge did not err in permitting the witness to assert the privilege).
The Court concludes, based upon the facts stated by counsel on the record at the hearing, which were not disputed, that Mojabi should not be ordered to testify. Although it is not disputed that Mojabi had been convicted of federal drug offenses, and was sentenced to serve time on those charges concurrent with his imprisonment by the Commonwealth, he is still subject to possible prosecution for violation of state drug laws. Moreover, the credibility of his statements at the time of the accident to the State Police implicating the three police officers, are open to attack, in view of the fact that Mojabi was acting, prior to and at the time of the accident, as a undercover confidential informant to Lt. Bearhouse regarding drug activity, and in view of the fact that Lt. Bearhouse’s actions indicate that he may have been attempting, after the accident, to shield Mojabi from the legal consequences. [1] Any testimony by Mojabi at the Civil Service Commission hearing regarding his involvement with the accused police officers would thus unavoidably give rise to cross-examination regarding his other criminal activities and regarding his informant status, as bearing on his credibility and on the credibility of Lt. Bearhouse.[2] It cannot be said, in these circumstances, that the questions put to Mojabi by the Department (at least those questions which go beyond matters already known and which are not disputed, such as his indictment and his plea of guilty) would have no reasonable likelihood of eliciting evidence which could lead to information resulting in his conviction for other crimes. Hoffman v. United States, 341 U.S. 479, 486 (1951).
In view of the Court’s above conclusion, the additional issue of whether the Court has jurisdiction pursuant to c. 231A, to order him to testify, or whether this Court’s jurisdiction to do so can be invoked only by an appeal from a final order of the Commission pursuant to c. 31 §42, need not be decided.
ORDER
For the above reasons, the Department’s Motion for Summary Judgment is DENIED, and summary judgment shall enter in favor of the defendants.

defendants’ counsel stated at the hearing, without objection or dispute, that Mojabi was not arrested at the scene, but was rather allowed to leave the scene (in spite, of having an alcohol blood content of .237 and having just killed someone). Counsel also stated without objection or dispute that when Mojabi was subsequently interviewed by Lt. Bearhouse that day, he was not even interrogated about the fatal accident.

Alleged details about past occasions on which Mojabi purportedly “pointed the finger at others to avoid punishment,” are cited at pp. 12-14 of the opposition of Walsh, O’Malley and Traynor to the motion.