LENK, J. (concurring).
*721 I write separately because, unlike the court, I think that compelled decryption of a cellular telephone or comparable device implicates more than just its passcode; what the government seeks is access to the files on the device, which the government believes will aid in inculpating the defendant. Given that the foregone conclusion doctrine is a narrow exception to the constitutional privilege against self-incrimination, the government may compel a defendant's decryption of such a device only when it can show that any testimonial aspect involved in that act of production is already known to the government. In other **562 words, the government must demonstrate, beyond a reasonable doubt, that the accused knows the passcode to the device and that the government already knows, with reasonable particularity, the existence and location of relevant, incriminating evidence it expects to find on that device. Because here the government met these requirements, I concur in the result. I also agree with the court that the appropriate standard of proof is beyond a reasonable doubt, and that the judge should have allowed the Commonwealth to present new evidence in an additional motion to compel.
Act of producing files. "A person's right to be free from self-incrimination is a fundamental principle of our system of justice," secured both by art. 12 of the Massachusetts Declaration of Rights and the Fifth Amendment to the United States Constitution. See Commonwealth v. Borans, 388 Mass. 453, 455, 446 N.E.2d 703 (1983). The constitutional privilege, however, applies only when an accused is "compelled to make a testimonial communication that is incriminating" (emphasis omitted). See Fisher v. United States, 425 U.S. 391, 408, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). The United States Supreme Court has long held that, in some instances, the act of producing evidence can be an incriminating, testimonial communication because an accused "tacitly concedes" the existence, custody, and authenticity of the evidence. See Fisher, supra at 410, 96 S.Ct. 1569. When such is the case, the Fifth Amendment privilege against self-incrimination is implicated. Id.
The "foregone conclusion" doctrine, first articulated by the United States Supreme Court in Fisher, and relied upon in Commonwealth v. Gelfgatt, 468 Mass. 512, 526, 11 N.E.3d 605 (2014), provides a narrow exception to the otherwise uncompromising privilege against self-incrimination. Under the Fifth Amendment and art. 12, the exception applies only where any testimonial aspects inherent in the act of producing evidence are a "foregone conclusion" already known to the government. See Fisher, 425 U.S. at 411, 96 S.Ct. 1569 ; Gelfgatt, supra. That is, where the government demonstrates its prior knowledge of the "existence and location of the papers" it seeks to compel, the accused "adds little or nothing to the sum total of the Government's information by conceding that he [or she] in fact has the papers." Fisher, supra at 411, 96 S.Ct. 1569. Under such circumstances, an accused's Fifth Amendment privilege is not implicated, as "[t]he question is not of testimony but of surrender." Id. at 411, 96 S.Ct. 1569.
Compelled decryption. Although these Fifth Amendment doctrines find their provenance in cases involving subpoenaed paper **563 documents, courts since have applied their underlying principles to electronic documents in the context of compelled decryption. See, e.g., United States v. Apple MacPro Computer, 851 F.3d 238, 247 (3d Cir. 2017), cert. denied sub nom. Doe v. United States, --- U.S. ----, 138 S.Ct. 1988, 201 L.Ed.2d 254 (2018) ; *722 In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011, 670 F.3d 1335, 1342 (11th Cir. 2012) ( In re Grand Jury Subpoena ); In re Boucher, U.S. Dist. Ct., No. 2:06-MJ-91, 2009 WL 424718 (D. Vt. Feb. 19, 2009). Indeed, in Gelfgatt, we held that, for the foregone conclusion exception to apply to an order compelling decryption of a device, "the government must establish its knowledge of (1) the existence of the evidence demanded; (2) the possession or control of that evidence by the defendant; and (3) the authenticity of the evidence." See Gelfgatt, 468 Mass. at 522, 171" url="https://cite.case.law/citations/?q=11%20N.E.3d%20605">11 N.E.3d 605, citing Fisher, 425 U.S. at 410-413, 96 S.Ct. 1569 ; United States v. Bright, 596 F.3d 683, 692 (9th Cir. 2010) ; and United States v. Hubbell, 530 U.S. 27, 40-41, 44-45, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). That is, by entering a passcode to provide the government with unencrypted access to a device, "the defendant implicitly would be acknowledging that he has ownership and control of the [devices] and their contents." See Gelfgatt, supra at 522, 11 N.E.3d 605. Unless the government demonstrates that such information already is a foregone conclusion, the Fifth Amendment protection bars it from compelling an accused to provide it. See id. at 522-523, 11 N.E.3d 605.
For the foregone conclusion exception to apply, the government also "must be able to 'describe with reasonable particularity' the documents or evidence it seeks to compel." Apple MacPro Computer, 851 F.3d at 247, quoting Hubbell, 530 U.S. at 29-30, 120 S.Ct. 2037. Although the government is not required to name every document it seeks or what its contents contain, it must demonstrate, with reasonable particularity, the existence and location of some incriminating files it expects to find on the device. See, e.g., Matter of the Decryption of a Seized Data Storage Sys., U.S. Dist. Ct., No. 13-M-449, 2013 WL 12327372 (E.D. Wis. Apr. 19, 2013) (government must demonstrate its "knowledge of the existence, possession, and authenticity of the files on the encrypted storage devices with reasonable particularity"); United States v. Fricosu, 841 F.Supp.2d 1232, 1237 (D. Colo. 2012) (Fifth Amendment not implicated by requiring production of unencrypted contents of computer "where government kn[ew] of existence and location of the computer's files," although not specific content of documents, and knew of **564 defendant's custody and control of device).[1] *723 Indeed, those United States Courts of Appeals that have addressed these issues in the context of compelled decryption have recognized that the foregone conclusion doctrine requires a showing, with reasonable particularity, as to the existence and location of incriminating files on a device.[2] See, e.g., In re Grand Jury Subpoena, 670 F.3d at 1346 (applying reasonable particularity in context of compelled decryption); Apple MacPro Computer, 851 F.3d at 247 (same). See also Matter of M.W., Ohio Ct. App., No. 2018CA0021, 2018 WL 6787946 (Dec. 21, 2018) (same). For example, In re Grand Jury Subpoena, supra, involved the lawful taking of an accused's **565 digital devices pursuant to a search warrant; a subpoena duces tecum subsequently issued to compel the accused to unlock the devices because law enforcement could not do so. Id. at 1339. There, the court held that, before the government could compel an accused to unlock the device and produce access to the files contained therein, the government had to demonstrate, with reasonable particularity, its awareness that incriminating files exist and are located on those devices, and that the defendant has the ability to unlock and produce them. Id. at 1349.[3] And if this is what the Fifth Amendment requires, well, art. 12 demands even more. See Gelfgatt, 468 Mass. at 525, 11 N.E.3d 605, quoting Commonwealth v. Burgess, 426 Mass. 206, 218, 688 N.E.2d 439 (1997) (we have consistently held that art. 12 provides broader "protection against self-incrimination than does the Fifth Amendment" and provides greater protection). In fact, art. 12 provides that no subject shall be compelled to "furnish evidence against himself" (emphasis added). See Matter of a Grand Jury Investigation, 92 Mass. App. Ct. 531, 534, 88 N.E.3d 1178 (2017), citing Gelfgatt, supra at 523, 11 N.E.3d 605 (Commonwealth need not establish knowledge of specific contents of device, but is required "to demonstrate knowledge of the existence and the location of the content"). The court's departure from this constitutional doctrine is thus, in my view, imprudent, particularly in light of the vast amount of potentially *724 incriminating information at risk.[4]
Because the Commonwealth here has demonstrated its prior **566 knowledge of the existence and location of specific files contained on the LG telephone, however, I conclude that it has met its burdens. More specifically, the government made plain its knowledge of (1) specific text messages, sent from the LG telephone, related to illegal, commercial sex acts; (2) several online advertisements for commercial sex services that featured the woman's image, posted by the LG telephone, on specified dates; (3) particular text messages sent to the alleged victim from the LG telephone; (4) precise dates for CSLI location information for the LG telephone that corresponded to the location of the defendant and the locations where some of the sex services were provided; (5) distinct "screenshot" photographs of conversations with clients from the LG telephone; and (6) records of a hotel reservation, where the defendant was arrested, using the LG telephone's number and the defendant's electronic mail address. Such a comprehensive showing of the government's prior knowledge of these particularized files on the LG telephone compels the conclusion that the Commonwealth has met its burden in this instance.
Conclusion. The court's decision today sounds the death knell for a constitutional protection against compelled self-incrimination in the digital age. After today's decision, before the government may order an individual to provide it with unencrypted access to a trove of potential incriminating and highly personal data on an electronic device, all that the government must demonstrate is that the accused knows the device's passcode. This is not a difficult endeavor, and in my judgment, the Fifth Amendment and art. 12 demand more. That is, before the government may compel an accused's assistance in building a case against that accused, the government must demonstrate that it already knows, with reasonable particularity, of files on the device relevant to the offenses charged, and that the defendant knows the passcode to unlock them. Because I conclude that the government here met those burdens, I join in the court's result.

The Fourth and Fifth Amendments to the United States Constitution and their relationship to each other in the criminal context have long been understood in different ways by judges and legal scholars. See generally Sacharoff, Unlocking the Fifth Amendment: Passwords and Encrypted Devices, 87 Fordham L. Rev. 203, 246-247 (2018). See also Carpenter v. United States, --- U.S. ----, 138 S.Ct. 2206, 2271, 201 L.Ed.2d 507 (2018) (Gorsuch, J., dissenting) (noting that "there is substantial evidence that the [Fifth Amendment's] privilege against self-incrimination was also originally understood to protect a person from being forced to turn over potentially incriminating evidence" [citations omitted] ). It is not surprising, then, that the court and I would have different views on these much debated issues. This is especially so as we are called upon to meet the challenges emerging from encrypted devices seized by the government with a valid search warrant, which devices the government seeks to compel an individual to decrypt. My view is that the coequal amendments do not dwell in splendid isolation, and that the Fourth Amendment does not somehow limit or trump the Fifth Amendment whenever there may be a valid search warrant. As a result, it will no longer do to cower in the presence of a search warrant, but to attempt to reconcile the Fourth Amendment's authorization of the government's taking of evidence with the Fifth Amendment's limitations on its requiring an individual to produce it. See Sacharoff, supra at 208 (suggesting rule that "a court may compel a suspect to decrypt only those files that (1) the government already knows the person possesses, and (2) the government can describe with reasonably particularity. Once the government has identified the specific files, it may compel the defendant to decrypt only those files."). Other courts have adopted or applied rules that may be seen as effecting something of a reconciliation. See e.g., In re Grand Jury Subpoena, 670 F.3d at 1344 ; Apple MacPro Computer, 851 F.3d at 247-248 ; Matter of the Decryption of a Seized Data Storage Sys., U.S. Dist. Ct., slip op. Contrast United States v. Spencer, U.S. Dist. Ct., No. 17-cr-00259-CRB-1, 2018 WL 1964588 (N.D. Ca. Apr. 26, 2018). In any event, what is before us is not the propriety of the rather broad search warrant here, but the constraints imposed by the Fifth Amendment. My reading of what the cases require recognizes those constraints and gives them meaningful teeth.

As discussed, I do not contend that the contents of the files contained on the phone are protected by the Fifth Amendment, or are the focus of the foregone conclusion inquiry in the context of the compelled decryption of the device itself.

Likewise, Apple MacPro Computer, 851 F.3d at 241, concerned the government's "ability to compel the decryption of digital devices when the government seizes those devices pursuant to a valid search warrant." There, the court noted that "the Government has provided evidence to show both [1] that files exist on the encrypted portions of the devices and [2] that [the accused] can access them." Id. at 248. Because the government demonstrated those two things, the court concluded that the magistrate judge did not err in determining "that any testimonial component would be a foregone conclusion." Id. Although the court applied the foregone conclusion and reasonable particularity doctrines to those facts, it also acknowledged that it "need not decide ... that the inquiry can be limited to the question of whether [the accused's] knowledge of the password itself is sufficient to support application of the foregone conclusion doctrine," but that a sound argument could be made in support of such a position. See id. at 248 n.7.

Permitting the government to undertake a "quintessential fishing expedition" by ordering an individual to enter a passcode and to provide the government with unlimited, unencrypted access to a personal electronic device is precisely the sort of act against which the Fifth Amendment was designed to guard. See United States v. Hubbell, 530 U.S. at 32, 34 n.8, 120 S.Ct. 2037, quoting United States v. Hubbell, 11 F.Supp.2d 25, 37 (D. D.C. 1998) (privilege against self-incrimination, in part, was structured to prevent government from "uncover[ing] uncharged offenses"). See generally Sacharoff, supra at 246-247.