# Third District Court of Appeal

## State of Florida

Opinion filed July 17, 2024.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-0555
Lower Tribunal No. F18-5351

————————————

**Sache Almaguer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga and Lourdes Simon, Judges.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. See Beckman v. State, 230 So. 3d 77, 84 (Fla. 3d DCA 2017) ("Evidence is inextricably intertwined if the evidence is necessary to (1) 'adequately describe the deed;' (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).") (emphasis removed from original); Dorsett v. State, 944 So. 2d 1207, 1213 (Fla. 3d DCA 2006) (same); Griffin v. State, 639 So. 2d 966, 968 (Fla. 1994) ("[Evidence which is inextricably intertwined with the crime charged] is admissible under section 90.402 because 'it is a relevant and inseparable part of the act which is in issue     [I]t is necessary to admit the evidence to adequately describe the deed.'"); Pilafjian v. State, 210 So. 3d 738, 740 (Fla. 5th DCA 2017) (finding that the jury could weigh the conflicting evidence of a domestic violence no contact order with homeowner's testimony that defendant was always welcome at her home); Taylor v. State, 855 So. 2d 1, 22 (Fla. 2003) ("[A] large measure of discretion rests in the trial judge to determine whether the probative value of the evidence is substantially outweighed by its prejudicial effect."); Hill v. State, 847 So. 2d 518, 522-23 (Fla. 5th DCA 2003) ("A judge may advise a witness of his or her rights when the witness is potentially exposing himself of herself to criminal liability such as perjury     However, the judge may not threaten

2

or 'effectively drive the witness off the stand.'") (holding that the State did not act wrongfully where the trial court, and not the State, initially informed the victim that she potentially faced criminal liability for perjury; the victim was not in the courtroom when the State suggested to the trial court that it advise the victim of her right against self-incrimination; and the trial court told the victim it was not passing judgment on whether the victim had committed or would commit perjury but was just informing the victim of her rights).